IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EL CAMPO VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:20-cv-00560-RP |
| | § | |
| STRATTON SECURITIES, INC., | § | |
| STRATTON OILFIELD SYSTEMS | § | |
| TEXAS, LLC, DANIEL STRATTON, | § | |
| SHANNON STRATTON, CLAY | § | |
| SIGNOR, SIGNOR LOGISTICS, LLC, | § | |
| and SIGNOR FARM AND RANCH, LP, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' SECOND AMENDED ANSWER

Defendants Stratton Securities, Inc., Stratton Oilfield Systems Texas, LLC, Daniel Stratton, and Shannon Stratton ("Defendants") file their Second Amended Answer to Plaintiff's First Amended Complaint (the "Complaint").

### SUMMARY[1]

Defendants deny that the summary section of the Complaint accurately summarizes the facts. Defendants admit that Stratton Securities entered into a letter agreement with Plaintiff on May 2, 2019. Defendants deny the remaining facts set forth in the Summary.

### PARTIES

1. Defendants admit Paragraph 1 of the Complaint.

2. Defendants admit Paragraph 2 of the Complaint.

3. Defendants admit that Stratton Oilfield Systems Texas, LLC is a limited liability company organized under the laws of the State of South Carolina. Defendants deny the remaining

---

[1] For ease of reference Defendants use the heading from Plaintiff's First Amended Complaint.

allegations in paragraph 3 of the Complaint.

4. Defendants admit Paragraph 4 of the Complaint.

5. Defendants admit Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants admit that jurisdiction and venue is proper in this Court.

## FACTUAL BACKGROUND

7. Defendants admits the first two sentences in paragraph 7 of the Complaint. Defendants deny that Stratton Oilfield owned the buildings at the Studios. Defendants admit that Stratton Oilfield leased the property where the Studios was located. Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendants admit that the Studios was initially a success but was not profitable by 2014 due to the slowdown in oil and gas activity. Defendants admit that Stratton Securities made attempts to the lease the Studios to the United States government. Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendants were aware that ownership of the property where the Studios was located would likely be a requirement for a transaction with the United States government. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants admit that Stratton Securities pursued opportunities related to the Studios through ICE and Stratton Oilfield signed a contract for the purchase of the property where the Studios was located. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the first two sentences of paragraph 11 of the Complaint. Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12.     Defendants admit that Stratton Securities pursued opportunities related to the Studios through ICE. Defendants admit that an email was sent. The email is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13.     Defendants admit that Shannon Stratton talked to Ray Powell on March 28, 2019 regarding the Studios and that Stratton Securities offered to sell the Studios for $3,500,000. Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14.     Defendants admit the allegations in paragraph 14 of the Complaint.

15.     Defendants admit the allegations in paragraph 15 of the Complaint.

16.     Defendants admit that the text referenced in paragraph 16 was sent. The text is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendants admit that the text referenced in paragraph 17 was sent. The text is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendants admit that the email referenced in paragraph 18 was sent. The email is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendants admit the allegations contained in the first sentence of paragraph 19 of the Complaint. Defendants deny the remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendants admit that the email referenced in paragraph 20 was sent. The email is the best evidence of its contents. Defendants deny the remaining allegations contained in

paragraph 20 of the Complaint.

21. Defendants admit that the emails referenced in paragraph 21 were sent. The emails are the best evidence of their contents. Defendants deny the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that a letter of intent dated April 24, 2019 was executed between Ninety Nine Holding, LP and Stratton Securities and that the email referenced in paragraph 22 was sent. The email is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants admit the first sentence in paragraph 24. Defendants admit that Stratton Securities offered to sell other property it owned to Plaintiff. Defendants admit the email referenced in paragraph 24 was sent. The email is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25. Defendants admit that the email referenced in paragraph 25 was sent. The email is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff and Stratton Securities executed a letter agreement on May 2, 2019. The letter agreement is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that Plaintiff attended a meeting on May 9, 2019 at the Studios with officials from the U.S. Government interested in utilizing the Studios and that none of the Defendants attended the meeting. Defendants deny the remaining allegations contained in paragraph 27 of the Complaint

28. Defendants admit that the text referenced in paragraph 28 was sent. The text is the best evidence of its contents. Defendants deny the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendants admit that Stratton Securities submitted a lease proposal for the Studios to the U.S. Government. Defendants deny the remaining allegations in paragraph 29 of the Complaint.

30. Defendants admit that Stratton Securities submitted a purchase proposal for the Studios to the U.S. Government. Defendants deny the remaining allegations in paragraph 30 of the Complaint.

31. Defendants admit that Stratton Securities submitted a lease proposal for the Studios to the U.S. Government. The proposal is the best evidence of its contents. Defendants deny the remaining allegations in paragraph 31 of the Complaint.

32. Defendants deny allegations contained in paragraph 32 of the Complaint.

33. Defendants admit that Daniel Stratton, Shannon Stratton, Dan Gattis, and Rae Powell attended a meeting with Pat Rice in Carrizo Springs, Texas on May 21, 2019 to discuss the Studios. Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34. Defendants admit that Rae Powell and Dan Stratton attended a meeting with the U.S. Government in Carrizo Springs, Texas on May 24, 2019. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35. Defendants admit the allegations contained in paragraph 35 of the Complaint.

36. Defendants admit that a settlement agreement was sent to Plaintiff on May 28, 2019. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations contained in paragraph 37 of the Complaint.

38. Defendants admit the allegations contained in paragraph 38 of the Complaint.

39. Defendants admit that a copy of the lease was provided to Plaintiff on July 16, 2019. Defendants deny the remaining allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

## CAUSES OF ACTION

## COUNT 1 –BREACH OF CONTRACT AGAINST STRATTON SECURITIES, INC.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

## COUNT 2 – QUANTUM MERUIT AGAINST STRATTON SECURITIES, INC.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

## COUNT 3 – PROMISSORY ESTOPPEL AGAINST STRATTON SECURITIES, INC.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

**COUNT 4 – MONEY HAD & RECEIVED AGAINST ALL DEFENDANTS**

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

**COUNT 5 – BREACH OF FIDUCIARY DUTY AGAINST ALL DEFENDANTS**

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

**COUNT 6 – FRAUDULENT INDUCEMENT AGAINST ALL DEFENDANTS**

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

**COUNT 7 – FRAUD BY NONDISLOSURE AGAINST ALL DEFENDANTS**

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

**COUNT 8 – STATUTORY FRAUD AGAINST STRATTON SECURITIES, INC.**

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

**COUNT 9 – CONVERSION BY ALL DEFENDANTS**

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

**COUNT 10 – CIVIL CONSPIRACY BY ALL DEFENDANTS**

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

**ATTORNEYS' FEES AND COSTS**

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

## JURY DEMAND

97. Defendants admit that Plaintiff has requested a jury trial.

## CONDITIONS PRECEDENT

98. Defendants deny the allegations in Paragraph 89 of the Complaint.

## PRAYER

99. Defendants deny that Plaintiff is entitled to any of the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

1. The partnership agreement alleged by Plaintiff is barred by the Statute of Frauds or is too indefinite to be enforced.

2. Plaintiff's agency and partnership claims are barred by the parole evidence rule.

3. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendants, Defendants plead the due process limitations on punitive and exemplary damages outlined by the Supreme Court in its opinion in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

4. Defendants deny that Plaintiff presented its claim under Chapter 38 of the Texas Civil Practices & Remedies Code.

5. Defendants deny that any partnership existed between any of the Defendants and Plaintiff.

6. Defendants deny that all conditions to Plaintiff's right of recovery have occurred.

7. Plaintiff breached the Purchase and Sale Agreement between it and Stratton Securities and is therefore not entitled to assert any claims related to the Agreement.

8. Plaintiff is not entitled to recover in the capacity in which it sues.

9. There is a defect of the Plaintiff parties.

10. Defendants deny that they were agents of Plaintiff or acting as agents of Plaintiff.

11. Defendants deny that they are liable in the capacity in which they are sued.

12. Defendants reserve the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this proceeding.

13. Plaintiff breached the Letter Agreement dated May 2, 2019 between it and Stratton Securities and is therefore not entitled to assert any claims related to the Agreement.

## PRAYER

WHEREFORE, Defendants prays that upon final hearing, all relief sought by Plaintiff be denied; all costs be taxed against Plaintiff; and Defendants have such other and further relief, at law or in equity, general or special, to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones
State Bar No. 10929460
mjones@henryandjones.com
**HENRY & JONES, L.L.P.**
16901 Dallas Parkway, Suite 202
Addison, Texas 75001
(214) 954-9700

**ATTORNEYS FOR DEFENDANTS STRATTON SECURITIES, INC., STRATTON OILFIELD SYSTEMS TEXAS, LLC, DANIEL STRATTON, AND SHANNON STRATTON**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendants' Second Amended Answer was forwarded via email to the following on the 7th day of July, 2021:

Benjamin P. Gates
Law Office of Ben Gates, P.C.
7015 Snider Plaza, Suite 202
Dallas, Texas 75205
(bpg@bengatespc.com)

Alfonso C. Nevarez
870 E. Rio Grande St.
Eagle Pass, Texas 78852
(anc@nevarezlawgroup.com)

/s/ Michael L. Jones
Michael L. Jones

**DEFENDANTS' SECOND AMENDED ANSWER– Page 11**

## VERIFICATION

STATE OF SOUTH CAROLINA )(
)(
COUNTY OF BEAUFORT )(

Daniel Stratton, being first duly sworn upon oath deposes and states that he is authorized to make this Verification and has read the foregoing Amended Answer; that he verifies on behalf of Defendants that paragraphs four, five, nine, ten, eleven and twelve under Affirmative Defenses are true and correct.

_____
Daniel Stratton

SUBSCRIBED AND SWORN TO BEFORE ME on the 21 day of September 2020, to certify which witness my hand and official seal.

_____
Notary Public in the for the
State of South Carolina

My Commission Expires:

7/31/2029

**DEFENDANTS' SECOND AMENDED ANSWER– Page 12**