**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **EL CAMPO VENTURES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:20-cv-00560-RP** |
| | § | |
| **STRATTON SECURITIES, INC.,** | § | |
| **STRATTON OILFIELD SYSTEMS** | § | |
| **TEXAS, LLC, DANIEL STRATTON,** | § | |
| **and SHANNON STRATTON,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST AND COSTS

Plaintiff El Campo Ventures, LLC ("El Campo") hereby files this Motion for

Attorney Fees, Prejudgment Interest, Post-judgment Interest and Costs.

## BACKGROUND

El Campo and Defendant Stratton Securities, Inc. ("Stratton") entered into a

contract dated May 2, 2019 under which El Campo would be compensated for the sale

or lease of The Studios at Carrizo Springs.   The day after meeting with El Campo's U.S.

Government contacts in Carrizo Springs, TX, Stratton expressed its desire to purchase

El Campo's interest in the May 2, 2019 deal for $2 million.  This buyout offer was

communicated during a conference call between the parties on May 22, 2019 (an audio

recording of this conversation was admitted into evidence as Plaintiff's Exhibit 42).

El Campo responded that $4 million would be a fair number.  Daniel Stratton, President

of Stratton Securities, Inc. then stated that he would not pay the $4 million buyout

figure and that El Campo would have to take him to court and "beat his ass up" to

recover such a sum.

Six days later, on May 28, 2019, Stratton sent El Campo a written $1.75 million

settlement offer via email.  Dan Gattis, an attorney licensed to practice in the State of

Texas, responded to the email on behalf of El Campo and requested a Word version

(rather than the PDF version that was sent) of the settlement agreement so that he could

make changes to the proposed settlement on behalf of El Campo.  Later that day,

Stratton Securities, Inc. granted El Campo's request and forwarded a Word version of

the settlement agreement to El Campo via email.

El Campo needed to review the lease with the U.S. Government (executed on

June 6, 2019) prior to evaluating this offer.  El Campo was not provided with a copy of

the lease until 40 days later, on July 16, 2019.   It was on this date that El Campo first

learned that the lease provided the U.S. Government with an option to purchase the

facility for $12 million.  Defendants withdrew this $1.75 million settlement offer on July

24, 2019, the same day they received a $6,430,000 loan from Sunflower Bank.  Again,

this fact was not disclosed to El Campo at the time and was concealed during the

discovery process by Defendants until October 20, 2020, after the Defendants'
depositions had taken place.

On August 12, 2019, El Campo sent a letter to Stratton's counsel with three
settlement options. This letter was signed by Dan Gattis, an attorney licensed to
practice law in the State of Texas.  (Exhibit F)

On August 23, 2019, Stratton's counsel sent a letter to Dan Gattis and offered
$500,000 as a settlement to El Campo.  Although the letter stated El Campo would have
until September 30th, Defendant's counsel sent an email saying the date in the letter for
acceptance was an error and that El Campo would have to decide by August 30, 2019.

On February 28, 2020, the undersigned attorneys sent a letter to Defendant
Stratton Securities, Inc. offering to settle El Campo's claim for $4,000,000.00
million and demanded payment within 30 days.

Defendant Stratton Securities, Inc. filed a declaratory judgment action against
El Campo in this Court (Case No. 1:20-cv-00248-RP) on March 9, 2020.  Stratton
ultimately dismissed this lawsuit against El Campo on February 12, 2021.

The evening before the jury's verdict, September 8, 2021, Defendants offered
 El Campo a settlement consisting of $231,300 cash and promised certain conditional
future lease payments.  El Campo rejected this offer.

On September 9, 2021, after a three-day trial the jury in this case returned a
verdict in favor of El Campo The jury found that Defendant Stratton Securities, Inc.

failed to comply with the agreement in dispute and awarded El Campo damages in the amount of $4,095,300.00.

## EL CAMPO'S SUPPORTING EVIDENCE

In support of this Motion for Attorney Fees, Prejudgment Interest, Post-judgment Interest and Costs, El Campo submits the following evidence:

- Declaration of Benjamin P. Gates (Exhibit A)

- Declaration of Poncho Nevarez (Exhibit B)

- February 24, 2020 Fee Agreement between El Campo, as Client, and Law Office of Ben Gates, P.C. and Nevarez Law Group, P.C. as Attorneys (Exhibit C)

- February 28, 2020 Presentment Letter from Benjamin P. Gates on behalf of El Campo to Stratton Securities, Inc.  (Exhibit D)

- May 28, 2019 Settlement Agreement email and response giving Stratton Securities, Inc. written notice of El Campo's claim (Exhibit E)

- August 12, 2019 letter from El Campo to Stratton Securities, Inc. discussing settlement options for El Campo's claim. (Exhibit F)

- August 23, 2019 letter from Mike Jones offering El Campo $500,000 to settle its claim and then emailing the next day and shortening the time to accept the offer from 37 days to 6 days.   (Exhibit G)

- September 8, 2021 settlement offer submitted to El Campo during trial

  consisting of $231,300 cash and certain conditional future lease payments.

  (Exhibit H)

## ATTORNEY FEES

### A.  El Campo Is Entitled To Its Reasonable Attorney Fees Under Texas Law

This action is before this Court based on the parties' diversity of citizenship.

28 U.S.C. §1332(a)(1).  The parties agree that Texas law governs all of the claims.  Where

Texas law provides the rule of decision on the underlying cause of action, Texas law

also governs both the award of and the reasonableness of attorney fees.  *Mathis v. Exxon*

*Corp.*, 302 F.3d 448, 461 (5ᵗʰ Cir. 2002).

The Court's Final Judgment Order awarded damages to El Campo based on

breach of contract.  By statute, Texas provides for recovery of attorney fees if the claim

is for an oral or written contract.  Tex Civ. Prac. & Rem. Code § 38.001(8).

### B.  El Campo Has Satisfied The Requirements Of Texas Law
###    For Recovery Of A 30% Contingent Fee

El Campo has satisfied the requirements of Texas law for recovery of a 30%

contingent fee in this action.  To recover attorneys fees under Chapter 38:

(1)     the claimant must be represented by an attorney;

(2)     the claimant must present the claim to the opposing party or to a duly

authorized agent of the opposing party; and

(3)     payment for the just amount owed must not have been tendered before the

expiration of the 30th day after the claim is presented.

Tex Civ. Prac. & Rem. Code § 38.002.

### 1.   El Campo Is Represented By Attorneys And Presented Its Claim to Stratton Securities, Inc.

El Campo meets the requirements of § 38.002.  It is represented by attorneys.  *See*

Exhibit C.  It presented its claim to Stratton Securities, Inc., as required by Tex Civ. Prac.

& Rem. Code § 38.002(2).  By letter dated February 28, 2020, El Campo formally

presented its claim for breach of the May 2, 2019 contract to Stratton Securities, Inc.'s

attorney, and demanded payment within 30 days.  *See* Exhibit D.  Stratton Securities,

Inc. never tendered any payment after the presentment of El Campo's claim.

*See* Gates and Nevarez Declarations, Exhibits A and B.

### 2.   El Campo Proved That Stratton Securities, Inc. Breached The Contract Between The Parties

El Campo has established breach of contract by Stratton Securities, Inc. and has

been awarded damages.  An award of reasonable attorney fees is mandatory in a breach

of contract suit as long as there is proof of reasonable fees.  *Mathis v. Exxon Corp.*, 302 F.

3s at 462.  Like the plaintiff in *Mathis*, there is no question that El Campo prevailed on a

breach of contract claim under Texas law and has been awarded damages.  *Id.*  An

award of attorney fees to El Campo is therefore mandatory under Texas law.

### 3.  El Campo's Contingent Fee Agreement With Its Attorneys Is For A Percentage That is Usual And Customary

Next, El Campo has presented proof that its 30% contingent fee agreement is a usual and customary fee agreement for cases of this type.  The Fifth Circuit's decision in *Mathis v. Exxon Corp.* is again directly on point.  In *Mathis*, the prevailing plaintiff's request for attorney fees was based on a contingency fee agreement between plaintiff and his attorneys.  The district court awarded attorney fees in the amount of 40% of the damages found by the jury, which was the percentage in the attorney fee agreement. 302 F.3d at 453. The Fifth Circuit affirmed this award. 302 F.3d at 462.  The Fifth Circuit explained that the determination of the amount of attorney fees is guided by two presumptions:

> First, there is a rebuttable presumption of reasonableness for fees that are "usual" or "customary." Tex. Civ. Prac. & Rem. Code § 38.003 (Vernon 2002). Second, where the fees are tried to the court, as they were in this case, the statute authorizes the judge to take judicial notice of the "usual and customary fees" and the contents of the case file. *Id*. at § 38.004. Texas courts have upheld fee awards using these presumptions where the attorneys had a contingent fee arrangement. *Laredo Indep. Sch. Dist. v. Trevino,* 25 S.W.3d 263 (Tex. App.--San Antonio 2000, review denied) (40% contingency fee); *European Crossroads' Shopping Ctr., Ltd. v. Criswell,* 910 S.W.2d 45, 58-59 (Tex. App.--Dallas 1995, writ denied) (upholding jury award of 35% based only on attorney's own testimony).

> Plaintiffs' attorneys supported their fees by submitting an affidavit drafted by lead counsel and an affidavit of an attorneys' fees expert. Exxon countered by challenging the reasonableness of the total award. Under Texas law, the two affidavits, combined with the presumption of reasonableness and the court's ability to use judicial notice to guide the

reasonableness finding is enough for us to conclude that the district court did not abuse its discretion in awarding fees as contemplated by plaintiffs' contingency fee contract.

302 F.3d at 462 (emphasis added).

In 2015, the Fifth Circuit reaffirmed that reasonable attorney fees under § 38.001 may be awarded based on a contingent fee percentage and upheld an award based on a 36% contingent fee percentage. *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 F. App'x 985, 22 (5th Cir. 2015).

This Court's Final Judgment Order requires the question of El Campo's attorney fees to be submitted to the Court. (Dkt. No. 111).  In *Mathis v. Exxon Corp.*, the Fifth Circuit noted that the district court was authorized to take judicial notice of the "usual and customary fees" and the contents of the case file. 302 F.3d at 462.

As the Texas Supreme Court in *Rohrmoos Venture* pointed out, Texas Civil Practice and Remedies Code Chapter 38 includes noteworthy provisions not typically found in other statutory fee enactments:

> We note that section 38.004 of the Civil Practice and Remedies Code authorizes a court, in certain proceedings involving fee-shifting under section 38.001, to take judicial notice of usual and customary attorney's fees. Tex. Civ. Prac. & Rem. Code § 38.004 ("The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in: (1) a proceeding before the court; or (2) a jury case in which the amount of attorney's fees is submitted to the court by agreement."). In such instances, there is a rebuttable presumption that the usual and customary fees are reasonable. *Id.* § 38.003 ("It is presumed that the usual and customary

attorney's fees for a claim of the type described in Section 38.001 are reasonable.").

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 490 n.9 (Tex. 2019).

"Where the fee claim is predicated on Chapter 38, the trial court may take judicial notice of the usual and customary fees and of the contents of the case file, presume that the usual and customary charges for the work performed are reasonable, and set the fees based on such judicial notice without receiving further evidence. TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.003–.004. The statute permitting this procedure is to be liberally construed to promote its underlying purposes. *Id.* § 38.005." *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 705 (Tex. App. 2019).

"The Court notes that a one third contingency fee agreement is customary in both Austin and San Antonio, Texas." Barger v. Sutton, Civil Action No: SA-01-CA-0294-XR, at *4 (W.D. Tex. Apr. 13, 2004).  Here, Judge Rodriguez took judicial notice of the customary 33 1/3% contingent fee percentage for a breach of contract case under Tex. Civ. Prac. & Rem. Code § 38.004.  "In Texas, the Court is to presume that the usual and customary attorney's fees for a case such as this are reasonable.  Tex. Civ. Prac. & Rem. Code § 38.003.", Id. at *2.

El Campo requests that the Court take judicial notice from its own experience that its 30% contingent fee is a usual and customary contingency fee percentage, and that such a fee is reasonable in this case.

### 4. El Campo's Requested Attorney Fee Is Consistent With The Factors Required By Texas Law

El Campo has shown that its contingent fee is consistent with the factors required by Texas law. The Texas Supreme Court holds that the factors set out in Rule 1.04(b) of the Texas Rules of Professional Conduct should be considered in determining the reasonableness of an attorney fee award. *Arthur Andersen & Co. v. Perry Equipment Corp.,* 945 S.W. 2d 812 (Tex. 1997*).* That rule states:

Factors that may be considered in determining the reasonableness of a fee include, but not to the exclusion of other relevant factors, the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Attached to this Motion as Exhibits A and B are declarations of El Campo's attorneys, Benjamin P. Gates and Poncho Nevarez.  In these declarations, El Campo's attorneys provide their testimony regarding the Rule 1.04(b) factors.  El Campo will summarize that testimony below:

### The Time And Labor Required, The Novelty And Difficulty Of The Questions Involved, And The Skill Requisite To Perform The Legal Service Properly

After 18 months of litigation, this case ultimately proceeded to a jury trial. Jury trials, even relatively short ones, require significant time to compile documents, organize witnesses, and prepare for *voir dire*.  Although the legal issues of this case were not particularly complex, effective advocacy in a jury trial is a valuable and unique skill.

### The Likelihood, If Apparent To The Client, That The Acceptance Of The Particular Employment Will Preclude Other Employment By The Lawyer

El Campo's attorneys were not precluded from taking other matters.

### The Fee Customarily Charged In The Locality For Similar Legal Services

It is the opinion of El Campo's attorneys that the 30% contingent fee is well within the customary fee for similar work in business cases in Texas.  Contingent fee percentages in Texas for business cases range from 30% to 40% depending on which party pays the expenses, when the case is resolved and the dollar value of the case.  El Campo understands that the Court is knowledgeable in this area and requests that the Court take judicial notice from its own experience that a 30% contingent fee is the usual and customary contingency fee percentage, and that such a fee is reasonable in

this case.  Furthermore, El Campo asks the Court to take judicial notice of reported decisions, discussed above, concerning attorney fee awards under Texas law that were based on similar contingent fee percentages.  These include:

- *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 F. App'x 985, 22 (5th Cir. 2015) (upholding the 36% contingent fee award)

- *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (upholding the 40% contingent fee award)

- *Laredo Indep. Sch. Dist. v. Trevino,* 25 S.W.3d 263 (Tex. App.--San Antonio 2000, review denied) (upholding the 40% contingent fee award)

- *European Crossroads' Shopping Ctr., Ltd. v. Criswell, 910 S.W.2d 45, 58-59* (Tex. App.--Dallas 1995, writ denied)  (upholding the 35% contingent fee award)

- *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 766 (Tex. 2012) (concurring opinion: Justice Hecht used a hypothetical 50% contingent fee as a check on lodestar fee)

### The Amount Involved And The Results Obtained

The amount involved in this case was substantial.  Any case involving more than $1,000,000 is a significant lawsuit and will require a substantial investment in time, effort and money by counsel to achieve the best possible outcome.  El Campo's attorneys made an initial demand of $4,000,000.00 to Stratton and ultimately obtained a jury verdict in the amount of $4,095,300.00 for Stratton's breach of contract.

**The Time Limitations Imposed By The Client Or By The Circumstances**

El Campo did not impose any time limitations on its counsel in this case.

**The Nature And Length Of The Professional Relationship With The Client**

This was the first time representing El Campo for both attorneys.

**The Experience, Reputation, And Ability Of The Lawyer Or Lawyers Performing The Services**

Mr. Nevarez has 22 years of litigation experience and Mr. Gates has 13 years of litigation experience.  Both of El Campo's attorneys have previously recovered millions of dollars for clients in Dimmit County, TX, where this suit was originally filed.

**Whether The Fee Is Fixed Or Contingent On Results Obtained Or Uncertainty Of Collection Before The Legal Services Have Been Rendered**

The fee is contingent.

**C.  El Campo Is Not Required to Present Lodestar Evidence**

The United States Fifth Circuit Court of Appeals recognized: (1) "supporting evidence is not required for the contingency fee method of proof (as it is for the lodestar method) ...." *Long v. Griffin,* 442 S.W.3d 253, 256 (Tex. 2014), quoted in *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.,* 602 Fed. Appx. 985, 23 (5th Cir. 2015), and (2) "Texas law does not require the lodestar evidence for contingency fee arrangements." *Mid-Continent,* 602 Fed. Appx. 985, 23.

"In a Texas contract case, lodestar evidence is not required for contingency fee awards. " *CAN Capital Asset Servicing v. Whitaker Trucking, LLC*, CIVIL ACTION No. 9:19-cv-00071, at *6 (E.D. Tex. May 4, 2020).

El Campo elects to recover attorney fees under the contingent fee measure approved by the Texas Supreme Court and the Fifth Circuit and does not attach loadstar evidence to this motion.  El Campo recognizes that W.D. Tex. Local Rule 54 envisions the submission of a loadstar calculation.  If this Court believes that it needs such evidence to decide the issue, then upon request El Campo is prepared to submit loadstar estimates.

### D. Should The Court Find That Segregation Of El Campo's Attorneys' Efforts Is Required, El Campo Believes No More Than 10% Of Those Efforts Involved Non-Contract Claims

When a lawsuit involves multiple claims, the party seeking attorney fees must segregate recoverable fees from those incurred on claims for which fees are not recoverable. *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W. 3d 299 (Tex. 2006). Segregation is not required "when discrete legal services advance both a recoverable and an unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* at 313-14.  In other words, to the extent that "services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service." *Id.* at 313.

Whether segregation is required is an issue of law. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.2d at 312; *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11-12 (Tex.1991); *see also* Hon. Scott A. Brister, *Proof of Attorney's Fees in Texas*, 24 ST. MARY'S L. J. 313, 351 (1993) ("the court decides which claims must be segregated . . . .").

The Texas Supreme Court said, in *Tony Gullo Motors I, L.P. v. Chapa*, that a lawyer does not need to keep a separate accounting of time spent on tasks for which fees may be recovered and tasks for which they may not. An attorney familiar with the actual work done can estimate percentages for segregation purposes. The court also suggested that one could look at the pleadings to estimate what portion pertained to causes of action for which attorney fees can be recovered and what portion pertained to causes of action for which attorney fees cannot be recovered. 212 S.W.3d at 314.

In this case, El Campo believes a 5% reduction in the fee award is warranted to compensate for the fraud, conspiracy and breach of fiduciary duty tort claims that were dismissed on summary judgment and for which Texas law does not permit the recovery of attorney fees. Furthermore, El Campo believes an additional 5% reduction in the fee award is warranted to compensate for services performed in connection with its conversion claim where attorney's fees are not recoverable under Texas law. Thus, El

Campo believes an award of $1,105,731 (27% contingency fee) would be an appropriate fee award in this matter.

## PREJUDGMENT INTEREST

In a diversity case, Texas law governs the award of prejudgment interest. *Meaux Surface Protection, Inc. v. Folgleman,* 607 F.3d 161, 172 (5th Cir. 2010). If prejudgment interest is not authorized by statute, the court can award prejudgment interest under general principles of equity. *Johnson Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 528 (Tex. 1998).

Equitable prejudgment interest is recoverable in a breach of contract case. *Perry Roofing Co. v. Olcott,* 744 S.W.2d 929, 930-931 (Tex. 1988) Under Texas law, "an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Am. Intern. Trading Corp. v. Petroleos Mexicanos,* 835 F.2d 536, 541 (5th Cir. 1987).

## STRATTON HAD WRITTEN NOTICE OF EL CAMPO'S CLAIM ON MAY 28, 2019

On May 28, 2019, Stratton sent El Campo an email with a $1.75 million Settlement Agreement attached as a PDF document. (Exhibit E, El Campo 159-165), Dan Gattis responded to the email on behalf of El Campo and requested a Word version of the Settlement Agreement so that he could make changes to the proposed settlement terms involving El Campo's claim against Stratton. (Exhibit E, El Campo 166).

Stratton responded by sending El Campo the Word version of the Settlement Agreement.  (Exhibit E, El Campo 167).

## EL CAMPO SHOULD RECEIVE 659 DAYS OF PREJUDGMENT INTEREST

Prejudgment interest accrues as simple interest on the amount of a judgment, beginning on the earlier of the 180th day after written notice of the claim or the date suit is filed and ending on the day preceding the date judgment is rendered.  *Arete*, 643 F.3d at 414-15.  Therefore, prejudgment interest began accruing on November 25, 2019, the 180th day following May 28, 2019.  Prejudgment interest accrued for a total of 37 days in 2019, from November 25th until December 31st.  Prejudgment interest accrued for 366 days in 2020.  In 2021, prejudgment interest accrued for a total of 256 days, from January 1st until September 13th, the day prior to the Court's Final Judgment Order. In total, prejudgment interest accrued continuously from November 25, 2019 until September 13, 2021 for a total of 659 days.

## THE PREJUDGMENT INTEREST RATE IN THIS CASE IS FIVE PERCENT

Under Texas law, Tex. Fin. Code § 304.003(c)(2) sets a "floor interest rate" of five percent on post-judgment interest.  This provision correspondingly sets a five percent floor on the rate for prejudgment interest, *see Johnson Higgins,* 962 S.W.2d 507 at 532.

**EL CAMPO IS ENTITLED TO PREJUDGMENT INTEREST ON THE ENTIRE
AMOUNT AWARDED BY THE JURY**

"Prejudgment interest is intended to compensate a plaintiff for the 'lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment.'" *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412-13 (5th Cir. 2011) (citing *Johnson Higgins,* 962 S.W.2d 507 at 528).  The Supreme Court of Texas's rationale for this approach is that a plaintiff is not otherwise fully compensated by the amount of damages sustained at the time of the wrong (the breach of a contract or the infliction of a tortious injury) because he has "been denied the opportunity to invest and earn interest on the amount of damages between the time of the occurrence and the time of judgment." *Id.* (quoting *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985)

After more than 18 months of litigation, the jury awarded El Campo $4,095,300.00 in damages for Stratton Securities, Inc.'s breach of contract.   El Campo has thus recovered the full amount of its $4,000,000.00 demand issued to Stratton Securities, Inc.  on February 28, 2020.  Therefore, equitable principles require an award of prejudgment interest on the entire $4,095,300.00 awarded by the jury in order to fully compensate El Campo.

**EL CAMPO IS ENTITLED TO $369,699.00 IN PREJUDGMENT INTEREST**

The jury awarded El Campo damages in the amount of $4,095,300 for breach of contract.  Multiplying $4,095,300 by the 5% prejudgment interest rate equals an annual accrual of prejudgment interest of $204,765 per year.  Dividing the $204,765 annual

amount of prejudgment interest by 365 days per year yields a daily amount of prejudgment interest of $561.  Multiplying the $561 daily amount of prejudgment interest times the 659 days of prejudgment interest accrual in the amount of $369,699.00 due to El Campo.

## POST-JUDGMENT INTEREST

Pursuant to 28 U.S.C. § 1961(a), "interest shall be paid on any money judgment in a civil case recovered in a district court."   Post-judgment interest on a money judgment is a matter of right, not discretion.  *Reeves v. Int'l Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983).  Therefore, El Campo requests post-judgment interest at the maximum amount allowed by law until the judgment is paid in full by Stratton Securities, Inc.

## COSTS

Contemporaneously with this motion, El Campo is filing a Bill of Costs with the clerk, as permitted by the Court's Final Judgment Order.  (Dkt. No. 111).  The total amount of such taxable costs is $16,443.84.

## CONCLUSION

For the forgoing reasons, El Campo respectfully requests the Court award

reasonable attorney fees in the amount of $1,105,731, prejudgment interest in the amount of $369,699.00, post-judgment interest accruing at the maximum rate allowed by law, costs in the amount of $16,443.84 and provide any further relief that the Court deems just and proper.

Respectfully submitted,

**NEVÁREZ LAW GROUP**
780 E. Rio Grande St.
Eagle Pass, Texas 78852
830.776.7003
830.776.7004 (FAX)

BY: _____
ALFONSO NEVÁREZ C.
STATE BAR NO. 24005376
anc@nevarezlawgroup.com


LAW OFFICE OF BEN GATES, P.C.
7015 SNIDER PLAZA, SUITE 202
DALLAS, TEXAS 75205
TEL: (214) 756-6053
FAX: (214) 989-7305

BY: _____
BENJAMIN P. GATES
TEXAS STATE BAR NO. 24062740
bpg@bengatespc.com


**ATTORNEYS FOR PLAINTIFF**
**EL CAMPO VENTURES, LLC**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred with counsel for Defendant Stratton Securities, Inc.

concerning the relief sought in this Motion on September 27, 2021.  Mr. Jones stated that

Defendant Stratton Securities, Inc. opposes the relief sought in this motion.

_____

Benjamin P. Gates

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served this Plaintiff's Motion for Attorney Fees, Prejudgment

Interest, Post-judgment Interest and Costs on all counsel of record via CM/ECF filing in

accordance with the Federal Rules of Civil Procedure on September 28, 2021.

_____

Benjamin P. Gates