# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EL CAMPO VENTURES, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | Civil Action No. 1:20-cv-00560-RP |
| **STRATTON SECURITIES, INC.,** **STRATTON OILFIELD SYSTEMS** **TEXAS, LLC, DANIEL STRATTON,** **and SHANNON STRATTON,** | § § § § § § § | |
| **Defendants.** | § | |

## DECLARATION OF PONCHO NEVAREZ

1. My name is Poncho Nevarez. I have personal knowledge of all facts herein, and they are all true and correct. This declaration is submitted in connection with the Motion for Award of Attorneys' Fees and Costs of El Campo Ventures, LLC (the "Motion") filed in the above- styled litigation.

2. I am an attorney duly licensed to practice law in the State of Texas and have practiced continuously for 22 years one of the attorneys representing El Campo Ventures, LLC ("El Campo"), the plaintiff in the above-styled litigation. A large portion of my practice has been devoted to litigation of complex business matters in state and federal court.

3. El Campo retained me and Ben Gates to represent El Campo in investigating and prosecuting its claims arising from its business dealings

with Stratton Securities, Inc. and other parties involving the property known as The Studios at Carrizo Springs. The agreement with El Campo was set out in writing by letter dated February 24, 2020. A true and correct copy of the signed fee agreement is attached to the Motion as Exhibit C. Under that agreement, Poncho Nevarez and I, as attorneys, agreed to be compensated solely in the form of a contingent fee. The contingent fee percentage was 25% on amounts recovered prior to the commencement of a trial, and 30% after the commencement of a trial.

4. By letter dated February 28, 2020, Ben Gates presented El Campo's claim for breach of the May 2, 2019 contract to Stratton Securities, Inc.'s attorney. A true and correct copy of this presentment letter is attached to the motion as Exhibit D. Stratton Securities, Inc. did not tender any amount in response to this presentment of El Campo's claim, and has never tendered any amount in payment of El Campo's claim.

5. When Stratton Securities, Inc. filed its declaratory judgment action against El Campo (Case No.: 1:20-CV-00248-RP), Mr. Gates and I represented El Campo in that action under the same February 24, 2020 fee agreement.

6. This Court's Final Judgment Order issued on September 14, 2021 requires El Campo to submit any bill of costs or request for attorney fees within fourteen days. I make this Declaration in support of the motion for attorney

fees, pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code. As I explain in more detail below, our 30% contingent fee agreement with El Campo is *less than* a usual and customary fee for the representation of a client in a matter such as this, and under Chapter 38, the usual and customary fee is deemed reasonable. In addition, the Texas Supreme Court has directed that the following facts, from Rule 1.04(b) of the Texas Disciplinary Rules of Professional Conduct, should be considered when determining the reasonableness of attorney fees. I will address those factors below.

**The Time And Labor Required, The Novelty And Difficulty Of The Questions Involved, And The SkillRequisite To Perform The Legal Service Properly**

After 18 months of litigation, this case ultimately proceeded to a jury trial. Jury trials, even relatively short ones, require significant time to compile documents, organize witnesses, and prepare for *voir dire*. Although the legal issues of this case were not particularly complex, effective advocacy in a jury trial is a valuable and unique skill.

**The Likelihood, If Apparent To The Client, That The Acceptance Of The Particular Employment Will Preclude Other Employment By The Lawyer**

El Campo's attorneys were not precluded from taking other matters.

**The Fee Customarily Charged In The Locality For Similar Legal Services**

It is the opinion of El Campo's attorneys that the 30% contingent fee is well within the customary fee for similar work in business cases in Texas. Contingent fee percentages in Texas for business cases range from 30% to 40% depending on which party pays the expenses, when the case is resolved and the dollar value of the case.  El Campo understands that the Court is knowledgeable in this area and requests that the Court take judicial notice from its own experience that a 30% contingent fee is the usual and customary contingency fee percentage, and that such a fee is reasonable in this case. Furthermore, El Campo asks the Court to take judicial notice of reported decisions, discussed above, concerning attorney fee awards under Texas law that were based on similar contingent fee percentages.  These include:

- *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 F. App'x 985, 22 (5th Cir. 2015) (upholding the 36% contingent fee award)

- *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (upholding the 40% contingent fee award)

- *Laredo Indep. Sch. Dist. v. Trevino*, 25 S.W.3d 263 (Tex. App.--San Antonio 2000, review denied) (upholding the 40% contingent fee award)

- *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 58-59 (Tex. App.--Dallas 1995, writ denied) (upholding the 35% contingent fee award)

- *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 766 (Tex. 2012) (concurring opinion: Justice Hecht used a hypothetical 50% contingent fee as a check on lodestar fee)

### The Amount Involved And The Results Obtained

The amount involved in this case was substantial. Any case involving more than $1,000,000 is a significant lawsuit and will require a substantial investment in time, effort and money by counsel to achieve the best possible outcome. El Campo's attorneys made an initial demand of $4,000,000.00 to Stratton and ultimately obtained a jury verdict in the amount of $4,095,300.00 for Stratton's breach of contract.

### The Time Limitations Imposed By The Client Or By The Circumstances

El Campo did not impose any time limitations on its counsel in this case.

### The Nature And Length Of The Professional Relationship With The Client

This was the first time representing El Campo for both attorneys.

### The Experience, Reputation, And Ability Of The Lawyer Or Lawyers Performing The Services

Mr. Nevarez has 22 years of litigation experience and Mr. Gates has 13 years of litigation experience. Both of El Campo's attorneys have previously recovered millions of dollars for clients in Dimmit County, TX, where this suit was originally filed.

### Whether The Fee Is Fixed Or Contingent On Results Obtained Or Uncertainty Of Collection Before The Legal Services Have Been Rendered

The fee is contingent.

### A.  El Campo Is Not Required to Present Lodestar Evidence

The United States Fifth Circuit Court of Appeals recognized: (1) "supporting evidence is not required for the contingency fee method of proof (as it is for the lodestar method) ...." *Long v. Griffin*, 442 S.W.3d 253, 256 (Tex. 2014), quoted in *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 Fed. Appx. 985, 23 (5th Cir. 2015), and (2) "Texas law does not require the lodestar evidence for contingency fee arrangements." *Mid-Continent,* 602 Fed. Appx. 985, 23.

"In a Texas contract case, lodestar evidence is not required for contingency fee awards. " *CAN Capital Asset Servicing v. Whitaker Trucking, LLC*, CIVIL ACTION No. 9:19-cv-00071, at *6 (E.D. Tex. May 4, 2020).

El Campo elects to recover attorney fees under the contingent fee measure approved by the Texas Supreme Court and the Fifth Circuit and does not attach loadstar evidence to this motion. El Campo recognizes that W.D. Tex. Local Rule 54 envisions the submission of a loadstar calculation. If this Court believes that it needs such evidence to decide the issue, then upon request El Campo is prepared to submit loadstar estimates.

> **B. Should The Court Find That Segregation Of El Campo's Attorneys' Efforts Is Required, El Campo Believes No More Than 10% Of Those Efforts Involved Non-Contract Claims**

When a lawsuit involves multiple claims, the party seeking attorney fees must segregate recoverable fees from those incurred on claims for which fees are not recoverable. *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W. 3d 299 (Tex. 2006). Segregation is not required "when discrete legal services advance both a recoverable and an unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* at 313-14. In other words, to the extent that "services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service." *Id.* at 313.

Whether segregation is required is an issue of law. *Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.2d at 312; Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 11-12 (Tex.1991); *see also* Hon. Scott A. Brister, *Proof of Attorney's Fees in Texas,*

24 ST. MARY'S L. J. 313, 351 (1993) ("the court decides which claims must be segregated . . . .").

The Texas Supreme Court said, in *Tony Gullo Motors I, L.P. v. Chapa*, that a lawyer does not need to keep a separate accounting of time spent on tasks for which fees may be recovered and tasks for which they may not. An attorney familiar with the actual work done can estimate percentages for segregation purposes. The court also suggested that one could look at the pleadings to estimate what portion pertained to causes of action for which attorney fees can be recovered and what portion pertained to causes of action for which attorney fees cannot be recovered. 212 S.W.3d at 314.

In this case, El Campo believes a 5% reduction in the fee award is warranted to compensate for the fraud, conspiracy and breach of fiduciary duty tort claims that were dismissed on summary judgment and for which Texas law does not permit the recovery of attorney fees. Furthermore, El Campo believes an additional 5% reduction in the fee award is warranted to compensate for services performed in connection with its conversion claim where attorney's fees are not recoverable under Texas law. Thus, El Campo believes an award of $1,105,731 (27% contingency fee) would be an appropriate fee award in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on September 28, 2021.

*/s/ Poncho Nevarez*
_____
Poncho Nevarez