# Exhibit C

# LAW OFFICE OF BEN GATES, P.C.
### 7015 SNIDER PLAZA, SUITE 202 | DALLAS, TEXAS 75205

February 24, 2020

*VIA EMAIL:* rae.powell@icloud.com; dgattis@gattislaw.com; anc@nevarezlawgroup.com

El Campo Ventures, LLC
213B West 8th Street
Georgetown, Texas 78626

Alfonso "Poncho" Nevárez
Nevárez Law Group, P.C.
780 E. Rio Grande Street
Eagle Pass, Texas 78852

**RE:  Revised El Campo Ventures, LLC Fee Agreement**

Dear El Campo Ventures, LLC:

This Agreement has been revised to reflect the fee-sharing arrangement among the attorneys in this case and describes the terms and conditions of the relationship between you as a client and us as lawyers.  Law Office of Ben Gates, P.C. ("LOBG") and Nevárez Law Group, P.C. ("NLG"), ("together "Attorneys", "we", or "us") will represent El Campo Ventures, LLC ("Client" or "you") in connection with any and all claims arising from Client's business dealings with Stratton Securities, Inc. and other parties involving the property known as The Studios at Carrizo Springs ("Claims").  If this Agreement is acceptable to you, please sign and return an executed copy.  We must receive an executed copy of this Agreement before we can begin our representation.

## SCOPE OF ENGAGEMENT

Subject to the terms and conditions of this Agreement, Attorneys will represent Client as described above.  Unless specifically requested by you and agreed to in writing by Attorneys, you agree that we do not represent you in any other legal matter.  You also agree that Attorneys do not represent persons or entities related to Client such as corporate officers, parents, subsidiaries, or affiliates unless a separate written engagement agreement exists setting forth the scope, terms, and conditions of that separate representation.

## CONTINGENT FEE AND FEE-SHARING

Attorneys will receive TWENTY-FIVE PERCENT (25%) of the gross sum recovered by a settlement that is agreed upon, or other resolution of the Claims that occurs prior to the commencement of a trial.  Any contingent fee subject to this "before the commencement

of a trial" calculation shall then be divided and shared as follows: 80% to LOBG and 20% to NLG.

Attorneys will receive THIRTY PERCENT (30%) of the gross sum recovered by a settlement that is agreed upon, or other resolution of the Claims that occurs after the commencement of a trial. Any contingent fee subject to this "after the commencement of a trial" calculation shall then be divided and shared as follows: 66% to LOBG and 34% to NLG.

The term "gross sum recovered" means all money or other things of value, including the value of any property or business accommodation recovered by you, including any attorneys' fees awarded by a court or arbitrator(s), without deducting any costs or expenses of litigation. You authorize us to require that any settlement check be made payable jointly to you and LOBG or, alternatively, that any payment be made by electronic transfer to LOBG's trust account. You also agree that you will endorse any such settlement check and will allow us to cash the same and make payment to you of your portion of the recovery from the proceeds or, in the case of an electronic transfer, from LOBG's trust account. The contingent fee percentages and other compensation terms set forth in this Agreement are not set by law but were negotiated between Client and Attorneys.

**NONCASH SETTLEMENTS**

If the Claims are settled in whole or in part by your receipt of anything of value other than cash, we shall be entitled to demand and receive, at our option: **(a)** payment for all time at Attorneys' standard hourly rates in effect at the time of settlement; **(b)** payment in cash, under the preceding paragraph on Contingent Fee, of our applicable contingent percentage of (i) the present value of any noncash consideration plus (ii) any cash received upon settlement; or **(c)** an undivided interest in any property received by you, equal to our applicable contingent percentage as identified in the preceding paragraph on Contingent Fee, plus payment of our applicable contingent percentage of any cash received as a result of settlement.

**EXPENSES**

Subject to other provisions of this Agreement, we will advance on your behalf all costs and expenses. You agree that we are entitled to be reimbursed by you out of any recovery for any costs or expenses we have advanced or incurred, including (but not limited to) expert witness fees, court fees, service-of-process charges, photocopies, computer-assisted legal research, long distance telephone and telecopy charges, messenger and delivery fees, court reporter fees, travel, meals, hotel and messenger/overnight delivery charges. Reimbursement for costs or expenses advanced will be deducted from your recovery and shall not reduce the amount of fees earned as set forth in this Agreement. In the event of no recovery, you will not be responsible for any costs or expenses. To the extent permitted by applicable law, you grant us a lien on any and all Claims. Our lien will be for any sums owing to us at the conclusion of our services for any attorneys' fees and unreimbursed expenses we advanced or incurred on

your behalf.  The lien will attach to any recovery you obtain, whether by arbitration award, judgment, settlement, or otherwise.  You further agree that we have the right to notify defending parties and other, interested third parties of our lien and the right to enforce this lien through any valid mechanism.

### OWNERSHIP AND PARTIAL COLLATERAL ASSIGNMENT OF THE CLAIMS

You warrant that you are the sole owner of the Claims.  To secure the performance of your obligations, as set forth in this Agreement, you collaterally transfer and assign to Attorneys an undivided security interest in the Claims, such interest being equivalent to the amount or percentage that you, by this engagement, promise to pay for the services Attorneys provide.  You shall not assign or otherwise create any lien against that part of the Claims collaterally assigned to Attorneys pursuant to the preceding sentence.

### YOUR INDEMNITY

You agree to indemnify and hold us harmless for and against any demands or claims asserted by others to any portion of the Claims subject to this Agreement.

### STATUTORY NOTICE

The State Bar of Texas requires that we advise you of the following:

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.  Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint.  For more information, please call (800) 932-1900.  This is a toll free phone call.

### NO GUARANTEES

You acknowledge that we have made no guarantees and given no assurances regarding the outcome of this matter.  You understand that all expressions about the outcome are only opinions.

### INDEMNITY FOR SANCTIONS

You agree that any award of fees, expenses, or sanctions awarded against you as a result of court or arbitration order that are not the result of our conduct shall be payable solely by you and that you shall not look to us to reimburse you for the amount awarded.

### INTEGRATION

This Agreement represents the final and mutual understanding of the parties.  It replaces and supersedes any prior agreements or understandings, whether written or oral.  This Agreement may not be modified, amended, or replaced except by another signed written agreement.

**COUNTERPARTS**

This Agreement may be executed in counterparts, all of which together shall constitute an agreement binding on all the parties hereto, notwithstanding that all such parties are not signatories to the original or the same counterpart. Each party shall be bound by this Agreement immediately upon affixing its signature hereto, independently of the signature of any other party.

**SEVERABILITY**

If any part of this Agreement shall for any reason be found unenforceable, the parties agree that all other portions shall nevertheless remain valid and enforceable.

**NO SOLICIATION/NO BARRATRY**

Client acknowledges and represents that no person has solicited Client on behalf of Attorneys. Client further represents that no one has promised Client anything of value or any result to induce Client to retain Attorneys. Client acknowledges and represents that Client sought representation from Attorneys on their accord and for their own purposes.

**CLIENT'S ACKNOWLEDGMENT**

You acknowledge that we have encouraged you to consult independent counsel concerning the negotiation of this Agreement and its terms, that you have made sufficient investigation and inquiry to determine that this Agreement is fair and reasonable to you, and that this Agreement was the product of arm's length negotiation with us. You warrant to us that you have either consulted such independent counselor, having had an adequate opportunity to seek such advice, or have declined to follow our advice that you do so. We discuss the terms and conditions of our engagement so candidly because we believe that you are entitled to know our policies and that this type of frank discussion will avoid any misunderstandings later.

Please sign a copy of this Agreement in the space provided on the following page indicating your agreement to the terms and conditions set forth above. When we receive this Agreement signed by you, we will commence our representation in the above-described matter.

Sincerely,

Benjamin P. Gates

Revised El Campo Ventures, LLC Fee Agreement
February 24, 2020
Page 5 of 5

AGREED TO AND ACCEPTED:

CLIENT:

EL CAMPO VENTURES, LLC

_____
Rae Powell, Manager

_____
Dan M. Gattis, Manager

ATTORNEYS:

LAW OFFICE OF BEN GATES, P.C.

_____
Benjamin P. Gates

NEVÁREZ LAW GROUP, P.C.

_____
Alfonso "Poncho" Nevárez