# Exhibit E

**From:** **Shannon@strattonsecurities.com** shannon@strattonsecurities.com
**Subject:** Settlement-El Campo SSI
**Date:** May 28, 2019 at 12:44 PM
**To:** dgattis@gattislaw.com, Rae Powell rae.powell@icloud.com
**Cc:** Dan Stratton dan@strattonsecurities.com, mjones@henryandjones.com

Hi Dan and Rae,

Please see attached settlement agreement for your review and signatures.

Thanks,

Shannon



Settlement-El Campo...its.pdf

Sent from my iPad

El Campo 00159

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Stratton Securities, Inc. ("Stratton") and El Campo Ventures, LLC (Dan Gattis and Rae Powell, hereinafter collectively referred to as "El Campo") for the purpose of settling the various claims and controversies between the parties.

# RECITALS

A.	On or about May 2, 2019, Stratton and El Campo entered into a letter agreement in which the parties agreed to cooperate and work together to sell or lease Stratton's facilities and equipment, known as The Studios at Carrizo Springs ("Letter Agreement").

B.	The United States of America, The Office of the Administration for Children and Families, The Office of Refugee Resettlement, and National Institutes of Health, (the "Government") has indicated it intends to enter into a contract with Stratton for the lease of the facilities and equipment known as The Studios at Carrizo Springs for a minimum term of three (3) years and two (2) one-year renewal terms ("Lease ").

C.	Disputes have arisen between the parties related to the Letter Agreement and the amount due to El Campo under the Letter Agreement.

D.	A bona fide dispute exists between the parties both as to liability and the amount due and the parties desire to settle all claims. The parties have therefore agreed to settle all claims and disputes between them and have agreed to release each other from any and all claims, obligations, liabilities, and causes of action as described in the Letter Agreement.

**SETTLEMENT AGREEMENT - Page 1**

NOW, THEREFORE, for and in consideration of the mutual obligations contained herein, and other good and valuable consideration, the receipt, adequacy, and sufficiency of which is acknowledged, the parties agree as follows:

1. Upon execution and acceptance of a valid and enforceable Lease between Stratton and the Government, Stratton will discount the Lease with a lending source. Upon receipt of the funds from the lending source, Stratton agrees to pay El Campo a brokerage fee of $1,750,000. The estimated acceptance date by the Government is anticipated to be on or about September 1, 2019, however, there is no guarantee that acceptance will occur by that date.

2. Stratton, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby fully releases and forever discharges and does for itself, its legal representatives, assigns and all persons or entities in privity with it, remise, give up, quit-claim, settle, compromise, release and forever discharge El Campo, and their present and former legal representatives, successors, employees, agents, officers, members, managers, attorneys, and assigns of and from all rights, demands, claims, obligations, causes of action, actions, suits, controversies, and damages, with respect to and from all manner of actions, suits, agreements, claims and demands, whatsoever, whether known or unknown, which Stratton ever had, may have had, now has, or may have, including claims for attorneys' fees, interest or costs, with the exception of the obligations set forth in this Agreement.

3. El Campo, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby fully releases and forever discharges and does for themselves, their legal representatives, assigns and all persons or entities in privity with

**SETTLEMENT AGREEMENT - Page 2**

El Campo 00161

them, remise, give up, quit-claim, settle, compromise, release and forever discharge Stratton and its present and former legal representatives, parent and subsidiary corporations, affiliate corporations, successors, employees, agents, officers, shareholders, directors, attorneys, insurance companies and assigns of and from all rights, demands, claims, obligations, causes of action, actions, suits, controversies, and damages, with respect to and from all manner of actions, suits, agreements, claims and demands, whatsoever, whether known or unknown, which El Campo ever had, may have had, now has, or may have, including claims for attorneys' fees, interest or costs, with the exception of the obligations set forth in this Agreement.

4.	The parties agree to keep the terms, conditions, and payment referenced in this Agreement confidential.  At all times after the execution of this Agreement, El Campo will hold in strictest confidence and will not disclose, use, provide access to, or publish any information related to Stratton, Stratton's facilities and equipment, or the Lease and agree that all such information, whether prepared by El Campo or otherwise coming into El Campo's possession, shall remain confidential and the exclusive property of Stratton. El Campo further agrees that during the time the Lease, and any extensions of the Lease, are in effect, they shall not at any time divert away or attempt to divert away any business from Stratton, or Stratton's facilities and equipment, to another facility or location, or company, business, or individual.  Upon execution of this Agreement, El Campo agrees to have no further communication with any third party, including the Government,

concerning Stratton, Stratton's facilities and equipment, or the Lease, and will forward any inquiries or communications regarding same to Stratton.

5.  El Campo and Stratton acknowledge and agree that the releases set forth above are general releases.  They expressly represent that they understand the risk of waiving any and all claims for damages which exist but are not known or suspected to exist whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect their decision to enter into this Agreement.

6.  It is understood and agreed that this is a compromise of disputed claims and that the consideration transferred herein is to compromise disputed claims, avoid litigation and buy peace, and that nothing contained herein shall be construed as an admission of liability by, or on behalf of any of the parties to this Agreement, any and all such liability being expressly denied.

7.  All parties warrant and represent to all other parties to this Agreement:

A.  that they are the current legal and beneficial owners of all claims, liabilities, and/or causes of action released by virtue of this Agreement;

B.  that they were represented by attorneys in connection with the negotiation, drafting, and execution of this Agreement as follows:

1.  Stratton, by Michael L. Jones of Henry & Jones, L.L.P., 16901 Dallas Parkway, Suite 202, Addison, Texas 75001;

2.  El Campo and Gattis, by Dan Gattis, 213B W. 8th Street, Georgetown, Texas 78626;

**SETTLEMENT AGREEMENT - Page 4**

El Campo 00163

C. they have, either personally or through attorneys, fully investigated to their full satisfaction, all facts surrounding the various issues and are fully satisfied with the terms and effects of this Agreement, and have consulted with their attorneys regarding the terms and effects of this Agreement;

D. that (i) this Agreement is executed without reliance upon any statement or representation by any other party or their agent, except as herein set forth; and (ii) such party is entering into this Agreement for the consideration set forth herein solely in reliance on such party's own independent judgment after consultation with such party's legal counsel;

E. that they have read and understand all aspects of this Agreement, and all of its effects;

F. that they have executed this Agreement as a free and voluntary act of their own free will without any threat, force, fraud, duress, or coercion of any kind;

G. that at the time of execution of this Agreement they were completely capable of understanding the character of their acts and deeds;

H. that each party has the full right and authority to enter into this Agreement and that each party signing this Agreement is authorized to do so; and

I. that each party has been given a reasonable period of time within which to consider this Agreement.

8. This Agreement contains the entire agreement between the parties and supersedes any and all prior agreements, arrangements, or understandings between the parties. No oral

**SETTLEMENT AGREEMENT - Page 5**

El Campo 00164

understandings, statements, promises or inducements contrary to the terms of this Agreement exist. The terms of this Agreement cannot be modified or terminated orally.

9. This Agreement is and shall be binding upon and inure to the benefit of the parties and their respective, successors, assigns, legal representatives, servants, employees, and agents.

10. This Agreement shall be governed by, construed, and enforced in accordance with and subject to the laws of the State of Texas.

11. This Agreement shall be executed in a number of identical counterparts, each of which shall be deemed an original for all purposes.

12. This Agreement shall not become binding on any party to it, unless and until it is signed by all parties to this Agreement.

EL CAMPO VENTURES, LLC

_____           _____

Dan Gattis                      Date              Rae Powell                      Date

STRATTON SECURITIES, INC.

_____

Dan Stratton                    Date

**SETTLEMENT AGREEMENT - Page 6**

El Campo 00165

**From:** **Dan Gattis** dgattis@gattislaw.com
**Subject:** Re: Settlement-El Campo SSI
**Date:** May 28, 2019 at 2:33 PM
**To:** Shannon@strattonsecurities.com shannon@strattonsecurities.com
**Cc:** Rae Powell rae.powell@icloud.com, Dan Stratton dan@strattonsecurities.com, mjones@henryandjones.com

Shannon,

Thanks. Can you send me a copy in word format please that I can redline and send back?

Dan Gattis

> On May 28, 2019, at 12:16 PM, Shannon@strattonsecurities.com <shannon@strattonsecurities.com> wrote:
>
> Hi Dan and Rae,
>
> Please see attached settlement agreement for your review and signatures.
>
> Thanks,
>
> Shannon
>
> <Settlement-El Campo SSI edits.pdf>
>
> Sent from my iPad

**El Campo 00166**

| | |
|---|---|
| **From:** | **Shannon Stratton** shannon@strattonsecurities.com  |
| **Subject:** | Re: Settlement-El Campo SSI |
| **Date:** | May 28, 2019 at 2:54 PM |
| **To:** | Dan Gattis dgattis@gattislaw.com |
| **Cc:** | Rae Powell rae.powell@icloud.com, Dan Stratton dan@strattonsecurities.com, mjones@henryandjones.com |

On 5/28/19, 3:33 PM, "Dan Gattis" <dgattis@gattislaw.com> wrote:

> Shannon,
>
> Thanks. Can you send me a copy in word format please that I can redline and send back?
>
> Dan Gattis
>
>> On May 28, 2019, at 12:16 PM, Shannon@strattonsecurities.com <shannon@strattonsecurities.com> wrote:
>>
>> Hi Dan and Rae,
>>
>> Please see attached settlement agreement for your review and signatures.
>>
>> Thanks,
>>
>> Shannon
>>
>> <Settlement-El Campo SSI edits.pdf>
>>
>> Sent from my iPad



Settlement-El Campo...its.doc

El Campo 00167