IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EL CAMPO VENTURES, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:20-CV-560-RP |
| § | |
| STRATTON SECURITIES, INC., § | |
| STRATTON OILFIELD SYSTEMS § | |
| TEXAS, LLC, DANIEL STRATTON, § | |
| AND SHANNON STRATTON, § | |
| § | |
| Defendants. § | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS**

Defendant Stratton Securities, Inc., (the "Defendant") files this Opposition to Plaintiff's Motion for Attorney Fees, Prejudgment Interest, Post Judgment Interest, and Costs, and respectfully shows the following:

**I.    ATTORNEY'S FEES**

1.    <u>Plaintiff has failed to meet its burden under Texas law for the recovery of attorney's fees</u>.

Plaintiff argues that because it entered into a contingency fee agreement with its attorneys, it is not required to submit lodestar evidence supporting its motion for attorney's fees. Plaintiff's argument is wrong. The recent decision of the Texas Supreme Court in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019) requires Plaintiff to present lodestar evidence to prove the reasonableness and necessity of the fees requested. Further, Rule 54 of the Local Rules of the Western District of Texas requires a motion for attorney's fees to include "a supporting document organized chronologically by activity or project, listing attorney name, date, and hours expended on the particular activity or project, as

well as an affidavit certifying (1) that the hours expended were actually expended on the topics stated, and (2) that the hours expended and rate claimed were reasonable." LR 54.   Plaintiff has failed to comply with Texas law and Local Rule 54.

The parties agree that Texas law applies to this case.  Plaintiff seeks an award of attorney's fees under Section 38.001 of the Texas Civil Practice and Remedies Code.  "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Therefore, the Supreme Court's decision in *Rohrmoos* governs Plaintiff's motion for attorney's fees.

In *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019), the Texas Supreme Court held that the lodestar analysis applies to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed.  *Id*. at 497-498.  The fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts.  *Id*. at 498.  Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services.  *Id*.  This base lodestar figure should approximate the reasonable value of legal services provided in prosecuting or defending the prevailing party's claim through the litigation process. *Id*.  And the lodestar calculation should produce an objective figure that approximates the fee that the attorney would have received had he or she properly billed a paying client by the hour in a similar case. *Id*.  This readily administrable and objectively reasonable calculation is

the standard for calculating the reasonableness and necessity of attorney's fees in a fee-shifting situation. *Id.*

The Texas Supreme Court expressly held in *Rohrmoos* that a contingency fee agreement may not be used to shift attorney's fees to the defendant. "Only fees reasonable and necessary for the legal representation will be shifted to the non-prevailing party, and not necessarily the amount contracted for between the prevailing party and its attorney, as a client's agreement to a certain fee arrangement or obligation to pay a particular amount does not necessarily establish that fee as reasonable and necessary. *Id*. at 488 (quoting *Arthur Andersen Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) ("[W]e cannot agree that the mere fact that a party and a lawyer have agreed to a contingent fee means that the fee arrangement is in and of itself reasonable for purposes of shifting that fee to the defendant."). "Although "[a] contingent fee may indeed be a reasonable fee from the standpoint of the parties to the contract," it is not "in and of itself reasonable for purposes of shifting that fee to the defendant"; the fact finder is still required to "decide the question of attorney's fees specifically in light of the work performed in the very case for which the fee is sought". *Id*. at 498. Therefore, the base lodestar calculation should reflect hours reasonably expended for services necessary for the litigation. *Id*. The Supreme Court recognized that a client could end up ultimately owing its attorney more fees than the amount of the award shifting fees to the non-prevailing party but held that fact finders should be concerned with awarding reasonable and necessary fees, not with any contractual obligation between the attorney and client. *Id*. at 502, n.13.

All but one of the decisions relied upon by Plaintiff to support its argument that it is not required to produce lodestar evidence were rendered before the Texas Supreme Court's decision in *Rohrmoos*. *See e.g.*, *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 F. App'x

**DEFENDANT'S OPPOSITION PLAINTIFF'S MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 3**

985, 23 (5th Cir. 2015)(citing "*Long v. Griffin*, 442 S.W.3d 253, 256 (Tex. 2014)(the Texas Supreme Court recently noted that lodestar evidence is not required for contingency fee awards but is required if a claimant wants to go above the contingency fee calculation). *Rohrmoos* is now the controlling precedent under Texas law and requires lodestar evidence.

The award of attorney's fees in *CAN Capital Asset Servicing v. Whitaker Trucking, LLC*, CIVIL ACTION No. 9:19-cv-00071, (E.D. Tex. May 4, 2020) cited by Plaintiff involved a default judgment and there is no indication the Court considered the *Rohrmoos* decision. Plaintiff also relies upon the decision in *Barger v. Sutton*, CIVIL ACTION SA-01-CA-0294-XR (W.D. Tex. 2004) but ignores the fact that the Plaintiff in *Barger* submitted an affidavit from counsel providing "additional information documenting the amount of labor involved in this suit."). *Id*. at pg. 5.

Plaintiff has offered no evidence of the reasonable value of legal services provided by its attorneys in prosecuting its claims against Defendant through the litigation process. Plaintiff has failed to provide a calculation which produces an objective figure that approximates the fee that Plaintiff's attorneys would have received had they properly billed a paying client by the hour in a similar case. Plaintiff requests $1,105,731 in attorney's fees based solely upon its contingency fee contract. According to a 2019 report by the State Bar of Texas on hourly rates, the median hourly rate for attorneys in the Austin Round Rock Metropolitan Statistical Area is $299.[1] At an hourly rate of $299, the amount of fees sought by Plaintiff would equate to 3,698 hours of attorney time, which is not reasonable. Exhibit A, Declaration of Michael Jones, par. 3. Further, a contingency fee is not the usual and customary fee in this type of lawsuit. Exhibit A, Declaration of Michael Jones, par. 3.

---

[1] https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=54237.

**DEFENDANT'S OPPOSITION PLAINTIFF'S MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 4**

Contrary to the Texas Supreme Court's directive in *Rohrmoos*, Plaintiff has not provided this Court with any evidence by which this Court can determine an objective figure that approximates the fee Plaintiff's attorneys would have received had they properly billed a paying client by the hour in a similar case. Plaintiff has failed to provide any evidence of the hours reasonably expended by its attorneys in this litigation or a reasonable market hourly rate for its attorneys. Plaintiff has failed to produce any evidence by which this Court can conduct a lodestar calculation. Plaintiff's request for attorney's fees should therefore be denied.

2. <u>Plaintiff has failed to offer sufficient evidence that is segregated non-recoverable attorney's fees and reduced the attorney's fees sought for unsuccessful efforts and duplicative time</u>.

If any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. *Tony Gullo Motors I v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006). Intertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *Id*. The Texas Supreme Court has recognized that fraud, contract, and DTPA claims may all "dependent upon the same set of facts or circumstances," but that does not mean they all required the same research, discovery, proof, or legal expertise." *Id*. The facts related to Plaintiff's non-breach of contract claims are not so intertwined that they can not be segregated. Exhibit A, Declaration of Michael Jones, par. 5.

Plaintiff alleges that 10% of its efforts involved claims for which attorney's fees are not recoverable and supports it allegation with conclusory statements by its counsel as to their belief that a 10% reduction is warranted. However, general, conclusory testimony devoid of any real substance will not support a fee award. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501 (Tex. 2019). Plaintiff fails to acknowledge the time its attorneys spent pursuing

other parties that it later dismissed, pursuing parties that it obtained no recovery against, the numerous claims it pursued through summary judgment and trial for which attorney's fees are not recoverable, and duplicative time spent by Plaintiff's attorneys.

Plaintiff sued seven defendants in state court: Daniel Stratton, Shannon Stratton, Stratton Securities, Inc., Stratton Oilfield Systems Texas, LLC, Clay Signor, Signor Logistics, LLC and Signor Farm and Ranch, LP. Dkt. 1, #2 Exhibit, Attachment A-1.  Plaintiff's state court suit was removed to federal court in San Antonio, and subsequently transferred to this Court. Dkt. 1; 16. Plaintiff later dismissed its claims against the Signor Defendants. Dkt. 25.  Plaintiff incurred attorney's fees in attempting unsuccessfully to have the case remanded to state court.  Dkt. 7. Magistrate Judge Mark Lane determined that Plaintiff fraudulently joined the three Signor Defendants.  Dkt. 45.  Plaintiff has failed to account for and segregate the time its attorneys spent in pursuing the Signor Defendants and attempting unsuccessfully to have this case remanded to state court.  Exhibit A, Declaration of Michael Jones, par. 4.

Plaintiff also asserted numerous claims against Daniel Stratton, Shannon Stratton, and Stratton Oilfield Systems Texas, LLC all the way through trial.  Dkt. 37.  Plaintiff obtained no recovery at trial against these Defendants.  Plaintiff has failed to account for and segregate the time its attorneys spent unsuccessfully pursuing these Defendants.  Exhibit A, Declaration of Michael Jones, par. 5.

In its First Amended Complaint, Plaintiff asserted claims for 1) breach of contract, 2) quantum meruit, 3) promissory estoppel, 4) money had and received, 5) breach of fiduciary duty, 6) fraudulent inducement, 7) fraud by nondisclosure, 8) statutory fraud, 9) conversion, and 10) civil conspiracy.  Dkt. 37.  Plaintiff opposed Defendants' Motion for Summary Judgment on its claims for breach of contract, breach of fiduciary duty, fraud, and conversion. Dkt. 54.  Plaintiff

pursued its claim for conversion and exemplary damages through trial. Dkt. 108, 109. The jury found against Plaintiff on these claims. Dkt. 109. Plaintiff has failed to offer evidence that it segregated the fees its attorneys incurred pursuing these claims other than its counsel's "belief" that 10% of its contingency fees should be reduced for these claims. Exhibit A, Declaration of Michael Jones, par. 6. The pleading and prosecution of these claims through trial, which were included in the jury charge and verdict, clearly required attorney time that was not required for Plaintiff's breach of contract claims. Exhibit A, Declaration of Michael Jones, par. 6. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019)("fee-shifting awards are to be reasonable and necessary for <u>successfully</u> prosecuting or defending against a claim." )(emphasis added).

Plaintiff filed several motions with the Court which were denied, including a motion for summary judgment on its breach of contract claim, a motion to reopen discovery, and a motion to remand. Plaintiff has failed to account for and segregate any of the attorney's fees it seeks for these unsuccessful efforts. Exhibit A, Declaration of Michael Jones, par. 7. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019)( "if the non-prevailing party is subject to paying the prevailing party's attorney's fees, the fees must be reasonable and necessary for <u>success</u> in prosecuting or defending the claim."(emphasis added).

Two attorneys attended multiple depositions in this lawsuit. Exhibit A, Declaration of Michael Jones, par. 8. Plaintiff has offered no evidence that it segregated and reduced its requested attorney's fee for duplicative work performed by two attorneys for the same task. Exhibit A, Declaration of Michael Jones, par. 8. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498-99 (Tex. 2019)(*quoting El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012) (Charges for duplicative, excessive, or inadequately documented

work should be excluded.)).  Plaintiff also had two attorneys attend trial but has offered no evidence that two attorneys were necessary for trial. Two attorneys were not necessary at trial. Exhibit A, Declaration of Michael Jones, par. 8.

Although it is difficult to quantify the amount of Plaintiff's attorney's fees which should be segregated without any lodestar evidence, at least 50% of Plaintiff's attorney's fees should be segregated or reduced as time spent on claims against the Signor Defendants and the Stratton Defendants (other than Stratton Securities), claims for which no recovery was made, claims for which attorney's fees were not recoverable, time spent on unsuccessful motions, and duplicative time.  Exhibit A, Declaration of Michael Jones, par. 9.

## II. PREJUDGMENT INTEREST

Plaintiff seeks prejudgment interest at the rate of 5% on all damages awarded by the jury. However, under Texas law, Plaintiff is not entitled to prejudgment interest on the full amount of damages awarded by the jury. Section 304.1045 of the Texas Finance Code provides that prejudgment interest may not be assessed or recovered on an award of future damages.  Tex. Fin. Code § 304.1045.

The jury awarded Plaintiff $4,095,300 in damages.  This number could only have been arrived at as follows:

```
$6,430,600    Loan proceeds for first three years of lease
-4,000,000    Due to Defendant
 2,880,000    Option year 4 at $240,000 per year
 2,880,000    Option year 5 at $240,000 per year
 8,190,600    Total
 4,095,300    ½ of proceeds
```

The jury awarded Plaintiff damages based upon the entire five years of the lease, including option years four and five.  The loan proceeds covered the first three years of the Lease. Damages awarded for option years four and five of the Lease are future damages because they

**DEFENDANT'S OPPOSITION PLAINTIFF'S MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 8**

cover future periods under the Lease.  As a result, option years four and five should not be included in the prejudgment interest calculations.  Further, Plaintiff's expert Donald Southerland, Jr. testified that the rent due for option years four and five should be discounted to present value.  Rather than discounting these amounts, Plaintiff wrongfully attempts to add prejudgment interest to these amounts.

The correct calculation of the damages on which prejudgment interest should be awarded is as follows:

```
$6,430,600    Loan proceeds for first three years of lease
-4,000,000    Due to Defendant
 2,430,600    net loan proceeds
 1,215,300    50% proceeds for first three years of Lease
```

The correct calculation of prejudgment interest is therefore: $1,215,300 x 5% = $166.48 per day x 659 days = $109,710.32.  Defendant requests that prejudgment interest be awarded in this amount.

### III.  PLAINTIFF'S COSTS

Plaintiff filed a Bill of Costs seeking $16,443.84 in costs. Dkt. 112.  However, Plaintiff attached an itemization of costs to its Bill of Costs totaling $13,428.99.  Dkt. 112, pg. 3.  Defendant objects to the invoices of Patricia Salinas for transcription of audio recordings totaling $1,296.00.  These services are not for printed or electronically recorded transcripts necessarily obtained for use in the case as required by 28 U.S.C. § 1920 and should be disallowed.  Defendant also objects to the invoices of Eugenio Escobedo for "citation" totaling $625.00.  $125 of these invoices was for service on Defendant Clay Signor, who Plaintiff subsequently dismissed.  Plaintiff provides no explanation for the remaining "citation" charges.  Plaintiff sued six parties against whom it failed to obtain any recovery and is not entitled to recover any service fees related to these parties.

Further, the invoices submitted by Plaintiff in support of its Bill of Costs do not reflect the totals on Plaintiff's Bill of Costs or its itemization of costs. The invoices submitted by Plaintiff support the following costs:

1. <u>Transcripts</u>

   | | |
   |---|---|
   | John Baxter | $893.70 |
   | Rileigh Knight | |
   |     Transcript | $636.35 |
   |     Video | $515.00 |
   | Jeff Stratton | |
   |     Transcript | $753.75 |
   |     Video | $550.00 |
   | Justin Hollis | $179.55 |
   | Luke Clardy | $431.05 |
   | Rae Powell | $1,138.65 |
   | Dan Gattis | $990.65 |
   | Total | $6,088.70 |

2. <u>Service/Subpoena (John Baxter/Sunflower Bank)</u>     $454.50

3. <u>Filing fees</u>     <u>$1,020.92</u>

   Total     <u>$7,564.02</u>

Defendant requests that $7,564.02 in costs be awarded to Plaintiff.

Wherefore, Defendants respectfully request that the Court deny Plaintiff's Motion as set forth herein, and such other relief to which they may be entitled.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones
State Bar No. 10929460
mjones@henryandjones.com
**HENRY & JONES, L.L.P.**
16901 Dallas Parkway, Suite 202
Addison, Texas 75001
(214) 954-9700

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on October 12, 2021, a true and correct copy of Defendant's Opposition Plaintiff's Motion for Attorney's Fees, Prejudgment Interest, Post judgment Interest and Costs was forwarded via email to Benjamin P. Gates, (bpg@bengatespc.com), Law Office of Ben Gates, P.C., 7015 Snider Plaza, Suite 202, Dallas, Texas 75205, and Alfonso C. Nevarez (anc@nevarezlawgroup.com), 870 E. Rio Grande St., Eagle Pass, Texas 78852.

/s/ Michael L. Jones
Michael L. Jones