IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EL CAMPO VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:20-cv-00560-RP |
| | § | |
| STRATTON SECURITIES, INC., | § | |
| STRATTON OILFIELD SYSTEMS | § | |
| TEXAS, LLC, DANIEL STRATTON, | § | |
| and SHANNON STRATTON, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POST-JUDGMENT INTEREST AND COSTS**

Plaintiff El Campo Ventures, LLC ("El Campo") hereby files this Reply in Support of its Motion for Attorney Fees, Prejudgment Interest, Post-judgment Interest and Costs.

## I.  ATTORNEY FEES

### A.  Defendant's Analysis of the *Rohrmoos Venture* Decision is Wrong

Defendant's assertion that the "Texas Supreme Court expressly held in *Rohrmoos* that a contingency fee agreement may not be used to shift attorney's fees to the defendant" is false. *See Sayers Constr. v. Accordant Commc'ns*, No. A-19-CV-787-LY, at *8 (W.D. Tex. Nov. 21, 2019) ("under Texas law, fees that would be charged by attorneys in

a contingency fee case are recoverable." Dkt. No. 1-2 at p. 3, citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019)).

Furthermore, the *Rohrmoos* decision confirms that the fee claimant in a contingency fee case may choose its method for recovering attorney fees and "the lodestar method applies when the fee claimant puts on evidence of reasonable fees by relating the hours worked multiplied by hourly rates for a total fee, citing *Long v. Griffin*, 442 S.W.3d 253, at 255 (Tex. 2014)" *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 495-96 (Tex. 2019). In this case, El Campo elects to recover attorney fees under the contingent fee method of proof rather than the loadstar method and has not submitted loadstar evidence.

Under Texas law, "strict reliance on the lodestar method of calculation is not required if the plaintiff can otherwise demonstrate that the fees sought are reasonable." *Thomas v. Hughes*, SA-16-CV-00951-DAE, at *7 (W.D. Tex. June 23, 2020). Here, the parties agree that El Campo is able to demonstrate its requested fees are reasonable under the "usual and customary" presumption afforded by Texas Civil Practice and Remedies Code Chapter 38.

**B. El Campo Is Not Required to Present Lodestar Evidence**

The Texas Supreme Court in *Rohrmoos* relies heavily on its earlier decision in *Long* and specifically cites *Long* seven (7) times in its analysis. "It should have been clear from our opinions in *El Apple, Montano*, and *Long* that we intended the lodestar

analysis to apply to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed. We reaffirm today . . . ." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 497-98 (Tex. 2019).

Therefore, because *Long* remains valid authority, the following cases cited by El Campo that rely on *Long* remain valid and are controlling in this case.

The United States Fifth Circuit Court of Appeals recognized: (1) "supporting evidence is not required for the contingency fee method of proof (as it is for the lodestar method) …." *Long v. Griffin*, 442 S.W.3d 253, 256 (Tex. 2014), quoted in *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 Fed. Appx. 985, 23 (5th Cir. 2015), and (2) "Texas law does not require the lodestar evidence for contingency fee arrangements." *Mid-Continent*, 602 Fed. Appx. 985, 23.

"In a Texas contract case, lodestar evidence is not required for contingency fee awards." *CAN Capital Asset Servicing v. Whitaker Trucking, LLC*, CIVIL ACTION No. 9:19-cv-00071, at *6 (E.D. Tex. May 4, 2020).

El Campo elects to recover attorney fees under the contingent fee measure approved by the Texas Supreme Court and the Fifth Circuit and does not attach loadstar evidence to this reply. El Campo recognizes that W.D. Tex. Local Rule 54 envisions the submission of a loadstar calculation. If this Court believes that it needs such evidence to decide the issue, then upon request El Campo is prepared to submit loadstar estimates.

### C. El Campo's Contingent Fee Agreement With Its Attorneys Is For A Percentage That is Usual And Customary and is Presumed Reasonable

El Campo has presented proof that its 30% contingent fee agreement is a usual and customary fee agreement for cases of this type. The Fifth Circuit's decision in *Mathis v. Exxon Corp.* is again directly on point. In *Mathis*, the prevailing plaintiff's request for attorney fees was based on a contingency fee agreement between plaintiff and his attorneys. The district court awarded attorney fees in the amount of 40% of the damages found by the jury, which was the percentage in the attorney fee agreement. 302 F.3d at 453. The Fifth Circuit affirmed this award. 302 F.3d at 462. The Fifth Circuit explained that the determination of the amount of attorney fees is guided by two presumptions:

> First, there is a rebuttable presumption of reasonableness for fees that are "usual" or "customary." Tex. Civ. Prac. & Rem. Code § 38.003 (Vernon 2002). Second, where the fees are tried to the court, as they were in this case, the statute authorizes the judge to take judicial notice of the "usual and customary fees" and the contents of the case file. *Id*. at § 38.004. Texas courts have upheld fee awards using these presumptions where the attorneys had a contingent fee arrangement. *Laredo Indep. Sch. Dist. v. Trevino,* 25 S.W.3d 263 (Tex. App.--San Antonio 2000, review denied) (40% contingency fee); *European Crossroads' Shopping Ctr., Ltd. v. Criswell,* 910 S.W.2d 45, 58-59 (Tex. App.--Dallas 1995, writ denied) (upholding jury award of 35% based only on attorney's own testimony).
>
> Plaintiffs' attorneys supported their fees by submitting an affidavit drafted by lead counsel and an affidavit of an attorneys' fees expert. Exxon countered by challenging the reasonableness of the total award. Under Texas law, the two affidavits, combined with the presumption of reasonableness and the court's ability to use judicial notice to guide the

> reasonableness finding is enough for us to conclude that the district court did not abuse its discretion in awarding fees as contemplated by plaintiffs' contingency fee contract.

302 F.3d at 462 (emphasis added).

In 2015, the Fifth Circuit reaffirmed that reasonable attorney fees under § 38.001 may be awarded based on a contingent fee percentage and upheld an award based on a 36% contingent fee percentage. *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 F. App'x 985, 22 (5th Cir. 2015).

This Court's Final Judgment Order requires the question of El Campo's attorney fees to be submitted to the Court. (Dkt. No. 111). In *Mathis v. Exxon Corp.*, the Fifth Circuit noted that the district court was authorized to take judicial notice of the "usual and customary fees" and the contents of the case file. 302 F.3d at 462.

As the Texas Supreme Court in *Rohrmoos Venture* pointed out, Texas Civil Practice and Remedies Code Chapter 38 includes noteworthy provisions not typically found in other statutory fee enactments:

> We note that section 38.004 of the Civil Practice and Remedies Code authorizes a court, in certain proceedings involving fee-shifting under section 38.001, to take judicial notice of usual and customary attorney's fees. Tex. Civ. Prac. & Rem. Code § 38.004 ("The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in: (1) a proceeding before the court; or (2) a jury case in which the amount of attorney's fees is submitted to the court by agreement."). In such instances, there is a rebuttable presumption that the usual and customary fees are reasonable. *Id.* § 38.003 ("It is presumed that the usual and customary

attorney's fees for a claim of the type described in Section 38.001 are reasonable.").

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 490 n.9 (Tex. 2019).

"Where the fee claim is predicated on Chapter 38, the trial court may take judicial notice of the usual and customary fees and of the contents of the case file, presume that the usual and customary charges for the work performed are reasonable, and set the fees based on such judicial notice without receiving further evidence. TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.003–.004. The statute permitting this procedure is to be liberally construed to promote its underlying purposes. *Id.* § 38.005." *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 705 (Tex. App. 2019).

"The Court notes that a one third contingency fee agreement is customary in both Austin and San Antonio, Texas." Barger v. Sutton, Civil Action No: SA-01-CA-0294-XR, at *4 (W.D. Tex. Apr. 13, 2004). Here, Judge Rodriguez took judicial notice of the customary 33 1/3% contingent fee percentage for a breach of contract case under Tex. Civ. Prac. & Rem. Code § 38.004. "In Texas, the Court is to presume that the usual and customary attorney's fees for a case such as this are reasonable. Tex. Civ. Prac. & Rem. Code § 38.003.", Id. at *2.

El Campo requests that the Court take judicial notice from its own experience that its 30% contingent fee is a usual and customary contingency fee percentage, and that such a fee is reasonable in this case.

It is the opinion of El Campo's attorneys that the 30% contingent fee is well within the customary fee for similar work in business cases in Texas. Contingent fee percentages in Texas for business cases range from 30% to 40% depending on which party pays the expenses, when the case is resolved and the dollar value of the case. El Campo understands that the Court is knowledgeable in this area and requests that the Court take judicial notice from its own experience that a 30% contingent fee is the usual and customary contingency fee percentage, and that such a fee is reasonable in this case. Furthermore, El Campo asks the Court to take judicial notice of reported decisions, discussed above, concerning attorney fee awards under Texas law that were based on similar contingent fee percentages. These include:

- *Mid-Continent Cas. Co. v. Kipp Flores Architects, L.L.C.*, 602 F. App'x 985, 22 (5th Cir. 2015) (upholding the 36% contingent fee award)

- *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) (upholding the 40% contingent fee award)

- *Laredo Indep. Sch. Dist. v. Trevino*, 25 S.W.3d 263 (Tex. App.--San Antonio 2000, review denied) (upholding the 40% contingent fee award)

- *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 58-59 (Tex. App.--Dallas 1995, writ denied) (upholding the 35% contingent fee award)

- *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 766 (Tex. 2012) (concurring opinion: Justice Hecht used a hypothetical 50% contingent fee as a check on lodestar fee)

  D. **Should The Court Find That Segregation Of El Campo's Attorneys' Efforts Is Required, El Campo Believes No More Than 10% Of Those Efforts Involved Non-Contract Claims**

The Texas Supreme Court said, in *Tony Gullo Motors I, L.P. v. Chapa*, that a lawyer does not need to keep a separate accounting of time spent on tasks for which fees may be recovered and tasks for which they may not. An attorney familiar with the actual work done can estimate percentages for segregation purposes. The court also suggested that one could look at the pleadings to estimate what portion pertained to causes of action for which attorney fees can be recovered and what portion pertained to causes of action for which attorney fees cannot be recovered. 212 S.W.3d at 314.

The Signor Defendants were only included in this case because Defendant Stratton Securities, Inc. failed to file a Memorandum of Option Agreement in the Dimmit County real estate records. (See Exhibit A). Once the Signor Defendants responded to El Campo's request for production, it was clear they were innocent in this matter and were immediately dismissed. El Campo believes segregation involving the Signor Defendants is not required as the request for production would have been served on them as a non-party.

In this case, El Campo's 30% contingency contract results in a fee of $1,228,590.00. El Campo believes a 5% reduction in the fee award is warranted to compensate for the fraud, conspiracy and breach of fiduciary duty tort claims that were dismissed on summary judgment and for which Texas law does not permit the recovery of attorney fees.  Furthermore, El Campo believes an additional 5% reduction in the fee award is warranted to compensate for services performed in connection with its conversion claim where attorney's fees are not recoverable under Texas law.  Thus, El Campo believes $1,105,731 (27% contingency fee) would be an appropriate fee award in this matter.

## II.  PREJUDGMENT INTEREST

In this case, the parties agree that El Campo should be awarded 659 days of prejudgment interest at the rate of 5%.  Defendant relies on Section 304.1045 of the Texas Finance Code for its assertion that "prejudgment interest may not be assessed or recovered on an award of future damages."  However, Section 304.1045 only applies to cases involving wrongful death, personal injury, or property damage.  *See* Section 304.101.  Defendant does not cite a single case applying Section 304.1045 to a contract case.  The jury awarded damages of $4,095,300 for breach of contract and El Campo should recover prejudgment interest based on this amount, for a total of $369,699.00.

Furthermore, neither El Campo nor Defendant knows for certain how the jury calculated the amount of damages it awarded.  The jury heard an audio recording of El

Campo requesting $4 million from Stratton Securities, Inc. for its interest in the contract at issue on May 22, 2019 (Plaintiff's Trial Exhibit 41). The jury also was presented evidence of an additional 15% in proceeds to Defendant on over $2.6 million in expenditures by the U.S. Government prior to November 18, 2020 (Plaintiff's Trial Exhibit 11). Thus, even if Section 304.1045 applied to future contract damages, it's impossible to say for certain that the jury's award included *any* future damages.

### III.  POST-JUDGMENT INTEREST

Defendant does not object to El Campo's request for post-judgment interest. Therefore, El Campo requests post-judgment interest at the maximum amount allowed by law until the judgment is paid in full by Stratton Securities, Inc.

### IV.  REVISED AMOUNT OF COSTS

Upon review of Defendant's objections regarding El Campo's costs, El Campo discovered the attached statement (Exhibit B) was not submitted with its Bill of Costs. This oversight was inadvertent, as El Campo submitted proof of payment of the four invoices totaling $6,908.47 for costs related to the transcripts of Daniel Stratton and Shannon Stratton and included this amount in its Bill of Costs. (Dkt. 112 at 5).

Defendant agrees that $7,564.02 should be awarded to El Campo and does not dispute liability for any costs related to deposition transcripts. Therefore, El Campo requests the addition of $6,908.47 in transcript costs to the undisputed amount of $7,564.02, resulting in a revised award of taxable costs in the amount of $14,472.49.

## V.  CONCLUSION

For the forgoing reasons, El Campo respectfully requests the Court award reasonable attorney fees in the amount of $1,105,731, prejudgment interest in the amount of $369,699.00, post-judgment interest accruing at the maximum rate allowed by law, costs in the amount of $14,472.49 and provide any further relief that the Court deems just and proper.

Respectfully submitted,

**NEVÁREZ LAW GROUP**
780 E. Rio Grande St.
Eagle Pass, Texas 78852
830.776.7003
830.776.7004 (FAX)

BY: _____
ALFONSO NEVÁREZ C.
STATE BAR NO. 24005376
anc@nevarezlawgroup.com

LAW OFFICE OF BEN GATES, P.C.
7015 SNIDER PLAZA, SUITE 202
DALLAS, TEXAS 75205
TEL: (214) 756-6053
FAX: (214) 989-7305

BY: _____
BENJAMIN P. GATES
TEXAS STATE BAR NO. 24062740

bpg@bengatespc.com

ATTORNEYS FOR PLAINTIFF
EL CAMPO VENTURES, LLC

## CERTIFICATE OF SERVICE

I certify that I served this Plaintiff's Reply in Support of its Motion for Attorney Fees, Prejudgment Interest, Post-judgment Interest and Costs on all counsel of record via CM/ECF filing in accordance with the Federal Rules of Civil Procedure on October 17, 2021.

_____

Benjamin P. Gates