IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EL CAMPO VENTURES, LLC, | § |
| Plaintiff, | § |
| vs. | § Civil Action No. 1:20-CV-560-RP |
| STRATTON SECURITIES, INC., STRATTON OILFIELD SYSTEMS TEXAS, LLC, DANIEL STRATTON, AND SHANNON STRATTON, | § |
| Defendants. | § |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REMITTITUR, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL**

Defendant Stratton Securities, Inc. ("Defendant") submits this Reply to Plaintiff's Response in Opposition to Defendant's Motion for Remittitur, or in the Alternative, Motion for New Trial (the "Opposition").

The jury awarded Plaintiff $4,095,300 in damages. This specific amount reflects that the jury calculated the number based upon the amount of loan proceeds received by Defendant and rent due under the Lease through the firm lease term of three years and option years four and five. *See* Defendant's Motion, pages 2-3. The total amount of loan proceeds received by Defendant for rent to be paid under the Lease for the three-year term was $6,430,600. Amended Stipulated Facts, Number 26. After deducting the amount due to Defendant under the proceeds sharing contract of $4,000,000, the remaining amount is $2,430,600. Plaintiff's fifty percent share of this amount is $1,215,300. There can be no question that the jury awarded damages based upon rent to be paid under Lease by assuming the government will exercise option years four and five.

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR REMITTITUR, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL – Page 1**

Plaintiff argues that the evidence establishes future damages with reasonable certainty. However, the evidence relied upon by Plaintiff shows that the portion of the jury's award of damages based upon option years four and five is based upon nothing but speculation and conjecture. Plaintiff argues that the government's "Period of Performance" for the lease ends on 12/31/2024 which proves the government intended to exercise both lease renewal options as well as the purchase option. The Lease provides: "LEASE TERM 5 YEARS WITH 3 YEARS FIRM AND TWO ONE YEAR RENEWAL OPTIONS." D-19, pg. 5. There is no indication in the Lease that the government is required to or will renew for option years four and five.

Plaintiff argues the government spent $2.6 million for test water wells, fencing, engineering studies, additional land purchases and other services which proves the government intends to exercise the renewal options and the purchase option. The fact that the government spent funds making the property suit its needs during the Lease term is not evidence that the government intends to exercise the renewal options or purchase option.

Plaintiff argues that the Lease provides for a $5,000 per month reimbursement for new air conditioning units, citing Plaintiff's Exhibit 47. However, this exhibit was not admitted at trial. In addition, the Lease provides for a monthly $5,000 energy rebate. If the government does not renew the Lease for options years four and five, the government is not required to pay the rebate. The fact that the government will pay the rebate if it exercises the renewal options in not evidence that it intends to exercise the options.

Plaintiff argues that Defendant's offer to sell the property to the government in November 2020 is evidence that the government intends to exercise the options for years four and five and the purchase option. No evidence was offered of the government's response, if any, to the offer,

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR REMITTITUR, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL – Page 2**

other than the government's rejection of the offer. Plaintiff fails to explain how this offer constitutes evidence of what the government intends to do in the future.

Plaintiff argues that an aerial photograph showing clearing of "the surrounding acreage to make room for additional improvements" proves the government intends to exercise both lease renewal options as well as the purchase option. There was no evidence offered at trial of the date the photograph was taken. There was no evidence of who owns the "surrounding acreage", why it is being cleared, or who is doing the clearing. There was no evidence that the surrounding acreage was being cleared for additional improvements. The government indicated it intended to make significant improvements to the property, but it elected not to do so. Plaintiff's arguments concerning the photograph are nothing but speculation.

In light of the damages awarded, the jury found that the government would exercise option years four and five. However, there was no evidence introduced at trial indicating that the government intends to exercise option years four and five. No one from the government testified at trial. Although the camp has a capacity of 1600, the occupancy at the time of trial was 51. Further, although the government previously indicated it intended to make significant improvements to the property, it elected not to do so. All of this evidence indicates the government does not intend to exercise the options for years four and five. The jury's verdict based upon the assumption that the government will exercise option years four and five is against the great weight and preponderance of the evidence.

Plaintiff argues that the jury award is appropriate because it is within the range of evidence presented at trial. The damages are not within the ranges of evidence presented at trial. The damages sought be Plaintiff were between $8,815,532 and $25,546,185. Neither side argued damages anywhere close to the amount awarded by the jury. The evidence cited by Plaintiff to

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR REMITTITUR, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL – Page 3**

argue that the damages awarded are within the range of damages at trial does not support its argument. Plaintiff cites a recording in which Dan Gattis states that the agreement was $4 million goes to Stratton and "we split the value of it 50/50 on the backside, whatever-whatever we get back". Plaintiff fails to explain how this statement supports the amount awarded by the jury. Plaintiff asserts that Plaintiff's Exhibit 11 indicated Defendant received proceeds of $390,000 as a 15% fee. The exhibit does not contain reflect this number. Plaintiff argues that it requested a $4 million buyout of its interest, but once again fails to explain why this supports the jury's award. Question 2 submitted to the jury instructed the jury to determine what sum of money would compensate Plaintiff for damages that resulted from Defendant's failure to comply with the Proceeds Sharing Agreement. The jury was not asked to determine damages based upon oral statements made by Plaintiff.

The jury enjoys substantial discretion in awarding damages within the range shown by the evidence. *Neiman-Marcus Group, Inc. v. Dworkin*, 919 F.2d 368, 372 (5th Cir. 1990). This substantial discretion persists with evidentiary disputes, but a lack of credible evidence, or an array of confusing hypothetical figures, disables the jury's common sense upon which the justice system relies for discretionary damages awards. *Id.* Although the jury's findings may not be set aside merely because its reasoning in arriving at the amount of damages is unclear, there must be a rational basis for its damages calculation. *See Shamoun v. Shough,* 377 S.W.3d 63, 69 (Tex. App. – Dallas 2012, no pet. h.); *Vela v. Wagner & Brown, Ltd.,* 203 S.W.3d 37, 49 (Tex. App. –San Antonio, no pet.); *Mayberry v. Tex. Dep't of Agric.,* 948 S.W.2d 312, 317 (Tex. App.—Austin 1997, writ denied). When, however, a precise method for determining damages is presented, the jury may not arbitrarily assess an amount that is not authorized or supported by the trial evidence. *See Vela,* 203 S.W.3d at 49; *see also Mayberry,* 948 S.W.2d at 317 (distinguishing

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR REMITTITUR, OR IN THE ALTERNATIVE, MOTION FOR NEW TRIAL – Page 4**

between cases in which evidence supports range of damages awards and cases in which two distinct damage-award options are presented).

The jury's verdict based upon the assumption that the government will exercise option years four and five is against the great weight and preponderance of the evidence. The jury verdict is also excessive because it exceeds any rational appraisal or estimate of the damages that could be based upon the evidence before the jury. If the government does not exercise the options for years four and five, Defendants will be required to pay Plaintiff $2,280,000 in rent it will never receive. The Court should order a remittitur of $2,280,000 ($4,095,300 awarded by jury less $1,215,300 due to Plaintiff from the loan proceeds for first three years of the lease) and enter an amended judgment that <u>if</u> the government exercises the options for years four and five, Plaintiff will recover 50% of the rent due for each year renewed. Alternatively, the Court should grant a new trial.

Wherefore, Defendant requests that the Court grant its Motion, order a remittitur, or alternatively, order a new trial, and award Defendant such other relief it may be entitled to.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones
State Bar No. 10929460
mjones@henryandjones.com
**HENRY & JONES, L.L.P.**
16901 Dallas Parkway, Suite 202
Addison, Texas 75001
(214) 954-9700

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on November 1, 2021, a true and correct copy of Defendant's Reply To Plaintiff's Response in Opposition To Defendant's Motion for Remittitur, or in the Alternative, Motion for New Trial; was forwarded via email to Benjamin P. Gates, (bpg@bengatespc.com), Law Office of Ben Gates, P.C., 7015 Snider Plaza, Suite 202, Dallas, Texas 75205, and Alfonso C. Nevarez (anc@nevarezlawgroup.com), 870 E. Rio Grande St., Eagle Pass, Texas 78852.

/s/ Michael L. Jones
Michael L. Jones