**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EL CAMPO VENTURES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:20-cv-00560-RP** |
| | § | |
| **STRATTON SECURITIES, INC.,** | § | |
| **STRATTON OILFIELD SYSTEMS** | § | |
| **TEXAS, LLC, DANIEL STRATTON,** | § | |
| **and SHANNON STRATTON,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POST-**
**JUDGMENT INTEREST AND COSTS**

Plaintiff El Campo Ventures, LLC ("El Campo") hereby files this Supplemental

Memorandum in Support of its Motion for Attorney Fees, Prejudgment Interest, Post-

judgment Interest and Costs.

## I.  ATTORNEY FEES

### A.  El Campo's 30% Contingent Fee Is Customary in Austin, Texas

Judge Pitman has previously recognized a 30% contingent fee as reasonable for

purposes of performing a lodestar calculation, noting the Plaintiff's "reasonable

attorney's fees and costs can also be calculated with certainty solely by reference to its

counsel's 30 percent contingent fee. The Fifth Circuit has described the procedure and standard for determining attorney's fees as "a two-step process. First the court calculates the 'lodestar' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *CAN Capital Asset Servicing, Inc. v. Walker*, 1:17-CV-1147-RP, at *5 (W.D. Tex. May 30, 2019).  This case was decided approximately 34 days after *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019).

Furthermore, El Campo respectfully asks this Court to take judicial notice that the City of Austin recently engaged outside counsel on a 30% contingency fee basis to pursue claims against Netflix, Hulu and Disney.  Without question, the City of Austin is a sophisticated consumer of legal services and would never agree to pay its lawyers an unreasonable fee.  The city's legal department prefers to hire outside counsel on a contingent fee rather than hourly.

https://www.statesman.com/story/news/2021/12/09/austin-joins-texas-lawsuit-netflix-hulu-disney-plus-fees-streaming-services/6447308001/  (also attached as Exhibit A).

Finally, El Campo submits the declarations of three (3) attorneys: Dan Gattis (Exhibit B), Poncho Nevarez (Exhibit C) and Ben Gates (Exhibit D), all of whom state

that El Campo is being represented for a 30% contingent fee and that such a fee is customary.

### B.  $750 is a Reasonable Hourly Rate in this case

The Texas Supreme Court recognized in *Rohrmoos* "that when fee agreements provide for arrangements other than hourly billing, the attorney will not be able to present evidence of a particular hourly rate billed or paid for the services performed." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 499 n.10 (Tex. 2019).

Another judge in the Austin Division has found $755 per hour to be a reasonable rate for skilled attorneys in a breach of contract case: "With regard to the hourly rates, the Court has already concluded the requested rates (Anigian—$755/hour; Robertson—$325-$450/hour; McComas— $725-755/hour) are reasonable rates in Austin for similar services by lawyers of similar skill, experience, and reputation. Dkt. No. 143 at 6-7; *see* Dkt. No. 105. " *MidCap Media Fin. v. Pathway Data, Inc.*, 1:15-cv-0060 AWA, at *5 (W.D. Tex. May 11, 2020)

Furthermore, the attached declaration of Dan Gattis (Exhibit B – paragraph 9) states that "$750-$790 seems to be the range of hourly rates charged by partners at reputable Austin law firms for this type of representation."

### C. No Less than 1,127.2 Hours Were Reasonably Expended in this Matter

The declarations of El Campo's attorneys and their attached time records show that Poncho Nevarez (Exhibit C) has spent at least 379.3 hours and Ben Gates (Exhibit D) has spent at least 747.9 hours representing El Campo in this matter.

### D. The *Johnson* Factors

The *Johnson* factors are the (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.

El Campo would not have been able to afford the legal representation needed to obtain a $4,095,300.00 verdict without a contingency fee agreement.  (Exhibit B – paragraph 11).  As demonstrated above, a 30% contingent fee is customary in Austin.  El Campo's attorneys have worked over 2 years without payment and have incurred approximately $60,000 of expenses on El Campo's behalf.  El Campo's demand was $4,000,000 so the amounts involved are significant and the degree of success factor is satisfied.  Hourly rates exceeding $750 as well as 30% contingent fees have both been

awarded in breach of contract cases in the Austin Division.  El Campo's hourly lodestar

calculation using a $750 hourly rate is $845,400 and is presumed reasonable.  This is

roughly $260,000 less than the $1,105,731 figure El Campo requested in its motion for

attorney's fees.  Respectfully, El Campo asks the Court to consider the *Johnson* factors

and award whatever fee it determines is reasonable between $845,400 and $1,105,731.

## II.  PREJUDGMENT INTEREST

In Texas, "an award of prejudgment interest advances two ends: 1) achieving full

compensation to plaintiffs; and 2) expediting both settlements and trials. The two legal

sources for a prejudgment interest award are 1) general principles of equity, and 2) an

enabling statute. The enabling statute, **Texas Finance Code section 304.104**, only applies

to wrongful death, personal injury, and property damage cases." *Citizens National Bank*

*v. Allen Rae Investments Inc.*, 142 S.W.3d 459, 486-87 (Tex. App. 2004).

Because El Campo's "breach of contract claim does not fall within the statutory

provisions, the prejudgment interest award is governed by Texas common

law." *International Turbine Services, Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th

Cir. 2002).

Under Texas common law, "prejudgment interest accrues on the total amount of

the judgment, including future damages. *Kenneco,* 962 S.W.2d at 530-31; *C H Nationwide,*

*Inc. v. Thompson,* 903 S.W.2d 315, 326 (Tex. 1994) (prejudgment interest is intended to

give the parties an incentive to settle as well as to compensate the injured party for the loss of funds, thus prejudgment interest on future damages is proper).” *International Turbine Services, Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002).

In this case, the parties agree that El Campo should be awarded 659 days of equitable prejudgment interest at the rate of 5%. Because Section 304.1045 of the Texas Finance Code does not apply in a breach of contract case, El Campo should be awarded $369,699.00 in prejudgment interest based on the jury's entire verdict of $4,095,300.00.

Alternatively, even if Section 304.1045 applied to a breach of contract case, the jury heard an audio recording of El Campo requesting $4 million from Stratton Securities, Inc. for its interest in the contract on May 22, 2019 (Plaintiff's Trial Exhibit 41). El Campo, through counsel, then demanded the same $4 million from Stratton Securities, Inc. on February 28, 2000. Stratton Securities, Inc. chose to litigate this matter for nearly two years and ultimately lost. In order for El Campo to be fully compensated and to encourage settlements, justice in this case requires a minimum prejudgment interest award of $361,095.89 (calculated on El Campo's $4 million demand).

### III. POST-JUDGMENT INTEREST

The parties agree that the applicable Federal post-judgment interest rate in this case is 0.08%.

## IV.  COSTS

During the December 3, 2021 hearing in Austin, the parties agreed that El Campo

should be awarded taxable costs in the amount of $14,472.49.

## V.  CONCLUSION

For the forgoing reasons, El Campo respectfully requests the Court award

reasonable and necessary attorney fees of no less than $845,400 and no more than

$1,105,731, prejudgment interest in the amount of $369,699.00, post-judgment interest

accruing at .08%, and costs in the amount of $14,472.49 and provide any further relief

that the Court deems just and proper.

Respectfully submitted,

**NEVÁREZ LAW GROUP**
780 E. Rio Grande St.
Eagle Pass, Texas 78852
830.776.7003
830.776.7004 (FAX)

BY: _____

ALFONSO NEVÁREZ C.
STATE BAR NO. 24005376
anc@nevarezlawgroup.com


LAW OFFICE OF BEN GATES, P.C.
7015 SNIDER PLAZA, SUITE 202
DALLAS, TEXAS 75205
TEL: (214) 756-6053
FAX: (214) 989-7305


BY: _____

BENJAMIN P. GATES
TEXAS STATE BAR NO. 24062740
bpg@bengatespc.com


**ATTORNEYS FOR PLAINTIFF**
**EL CAMPO VENTURES, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served this Plaintiff's Supplemental Memorandum in Support of

its Motion for Attorney Fees, Prejudgment Interest, Post-judgment Interest and Costs on

all counsel of record via CM/ECF filing in accordance with the Federal Rules of Civil

Procedure on January 7, 2022.

_____

Benjamin P. Gates