IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EL CAMPO VENTURES, LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 1:20-CV-560-RP |
| STRATTON SECURITIES, INC., STRATTON OILFIELD SYSTEMS TEXAS, LLC, DANIEL STRATTON, AND SHANNON STRATTON, | § § § § § § | |
| Defendants. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST, AND COSTS**

Defendant Stratton Securities, Inc., (the "Defendant") files this Response to Plaintiff's Supplemental Memorandum in Support of its Motion for Attorney Fees, Prejudgment Interest, Post Judgment Interest, and Costs, and respectfully shows the following:

### I.    ATTORNEY'S FEES

1. <u>The lodestar method and other factors to be considered by the court in determining the reasonableness and necessity of attorney's fees</u>

"The fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). "And the lodestar calculation should produce an objective figure that approximates the fee that the attorney would have received had he or she properly billed a paying client by the hour in a similar case." *Id.* "This readily

administrable and objectively reasonable calculation is the standard for calculating the reasonableness and necessity of attorney's fees in a fee-shifting situation." *Id.*

When a fee agreement provides for other than hourly billing, the fee claimant, through its expert, has the burden of showing that the rate claimed for purposes of the base lodestar calculation reflects a reasonable market rate given considerations in *Arthur Andersen*, including the attorney's experience and expertise, the novelty and complexity of the questions involved, any special skill required for the representation, the attorney's risk in accepting such representation, which may be reflected in a contingent fee agreement, and any other considerations that would factor into an attorney's fee negotiations if the attorney were to bill hourly. *Id.* at 499 n.10.

The reasonable hourly rate is the prevailing hourly rate in the community for similar work. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The prevailing hourly rate is generally shown by evidence, usually in the form of affidavits from other attorneys, that the rate is in line with the market rate in the community. *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)(To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.).

In determining an award of attorney's fees, the court may consider whether there was redundant staffing. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)(excessive, redundant, or otherwise unnecessary fees should be excluded); *see e.g., Halderman v. Pennhurst State Sch. & Hosp.*, 49 F3d 939, 944 (3d Cir. 1995)(fees for additional attorneys reviewing findings of fact

could not be included).  Charges for duplicative, excessive, or inadequately documented work should be excluded.  *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012).

The district court should exclude from its initial fee calculation hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  *Id*. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. *Id*.  "In the private sector, `billing judgment' is an important component in fee setting. *Id*. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id*. (quoting *Copeland* v. *Marshall*,  641 F.2d 880, 891 (1980) (en banc) (emphasis in original).

Courts also have discretion to reduce rate for travel time.  *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993).

2.     <u>Plaintiff's claimed hourly rate of $750 is not reasonable.</u>

Plaintiff has presented no evidence of the background, education, skill, experience, or reputation of its attorneys. Plaintiff has not even presented a resume or curriculum vitae for either of its attorneys.  Mr. Gates simply states that a large portion of his practice has been devoted to litigation of "complex business matters." Mr. Nevarez states that a large portion of his practice has been devoted to litigation of "complex business matters" and "catastrophic injury cases".  Neither attorney describes any of his litigation or trial skills or experience.

Plaintiff admits that neither of its attorneys charge $750 per hour for their services. Rather, Plaintiff argues that its attorneys claimed regular hourly rate of $500 per hour should be enhanced to $750 per hour.  Plaintiff argues that the rate should be increased to account for the

risk of loss, the delay in receiving payment for services rendered or recovery of expenses advanced by its attorneys. Plaintiff's argument puts the horse before the cart. Under *Rohrmoos*, the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). A contingency fee cannot influence the determination of a reasonable hourly rate. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 642 (7th Cir. 2011). Plaintiff's request to enhance the hourly rate to determine the lodestar amount in contrary to Texas law and should be rejected.

Plaintiff argues that $750 per hour is reasonable charge for its attorneys because United States Magistrate Judge Andrew Austin found that $755 per was a reasonable rate in another case.[1] However, Plaintiff fails to offer any evidence that its attorneys are of similar skill, experience, and reputation as the attorneys involved in the *Midcap* case. To the contrary, it is clear from the evidence offered in the *Midcap* case that Plaintiff's attorneys are not of similar skill, experience, and reputation to the attorneys involved in the *Midcap* case. The lead counsel for *Midcap* is a partner with a large multi-national law firm. *Id*. Further, unlike Plaintiff's attorneys, the lead counsel in *Midcap* submitted a detailed twenty-one-page affidavit supporting and detailing the fees requested and explaining why the fees were incurred. *Id*.

Plaintiff also relies upon the Declaration of Dan Gattis, one of Plaintiff's principals, who states that "$750-$790 seems to be the range of hourly rates charged by partners at reputable Austin law firms for this type of representation." Dkt. 128-2, pg. 3. Mr. Gattis' equivocal statement about what "seems" to be the range of hour rates charged by partners at reputable

---

[1] *Midcap Media Fain. v. Pathway Data, Inc.*, 1:15-cv-0060 AWA (W.D. Tex. May 11, 2020).

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 4**

Austin law firms" is insufficient evidence of a reasonable rate. Notably, Mr. Gattis is not willing to declare under oath that $750-$790 is a reasonable rate in Austin, or a reasonable rate for Plaintiff's attorneys.

Attached to this Response as Exhibit 1 is the Declaration on William S. Rhea, an experienced litigation attorney practicing in Travis County, Texas. Mr. Rhea has thirty-four years of litigation experience in Central Texas, including Austin.  Exhibit 1, Declaration of William S. Rhea, page 1.  Mr. Rhea has participated in more than twenty-five jury trials in Central Texas.  Exhibit 1, Declaration of William S. Rhea, page 1.  Mr. Rhea has prosecuted breach of contract claims similar to those involved in this lawsuit.  Exhibit 1, Declaration of William S. Rhea, page 1.  Mr. Rhea has reviewed Plaintiff's Supplemental Memorandum and the declarations of Dan Gattis, Poncho Nevarez, and Ben Gates along with their billing records. Exhibit 1, Declaration of William S. Rhea, page 2. In Mr. Rhea's opinion, a reasonable hourly rate for Mr. Nevarez is between $350 to $475.  Exhibit 1, Declaration of William S. Rhea, page 2.  In Mr. Rhea's opinion, a reasonable hourly rate for Mr. Gates is between $300 to $375. Exhibit 1, Declaration of William S. Rhea, page 3.

Attached to this Response as Exhibit 1 is the Declaration on Michael Jones, Defendants' counsel in this lawsuit.  As a result of his representation of the Defendants, Mr. Jones is familiar with the pleadings, discovery, hearings, and trial in this lawsuit.  Exhibit 2, Declaration of Michael Jones, pg. 1.  Mr. Jones is an experienced trial lawyer and is board certified in civil trial law and civil appellate law by the Texas Board of Legal Specialization.  Exhibit 2, Declaration of Michael Jones, pg. 1.  Mr. Jones is familiar with the customary and usual legal fees charged for matters of this nature in Travis County, Texas.  Exhibit 2, Declaration of Michael Jones, pg. 3. In Mr. Jones' opinion, a reasonable hourly rate for such Mr. Nevarez in Travis County, Texas in

$400, and a reasonable hourly rate for Mr. Gates in Travis County, Texas is $300.  Exhibit 2, Declaration of Michael Jones, pg. 4.

According to a 2019 report by the State Bar of Texas on hourly rates, the median hourly rate for attorneys in the Austin Round Rock Metropolitan Statistical Area was $299.  Exhibit 2, Declaration of Michael Jones, Exhibit B.  A 2015 Hourly Fact Sheet prepared by the State Bar of Texas in August 2016 indicates that the median hourly rate for commercial litigation in the Austin Round Rock Metropolitan Statistical Area was $300.  Exhibit 2, Declaration of Michael Jones, Exhibit C.  The Study reflects that only 5.1% of private practitioners charged more than $500 per hour.  *Id*.  The Fact Sheet also reflects that solo practitioners charged the lowest hourly rate when compared to firms with more than one lawyer.  *Id.*

Based upon this evidence, a reasonable hourly rate for such Mr. Nevarez in Travis County, Texas in $400, and a reasonable hourly rate for Mr. Gates in Travis County, Texas is $300.

3. <u>A significant amount of the attorney's fees sought by Plaintiff are not reasonable or necessary.</u>

Plaintiff offers no explanation for why it retained two attorneys from different firms in different towns to represent it in this lawsuit.  Mr. Nevarez was likely retained due his proximity to Dimmit County, Texas where Plaintiff filed suit in state court after Defendants filed suit in federal court in Austin.  Plaintiff has offered no evidence or argument showing that two separate law firms and two attorneys were necessary to represent Plaintiff or evidence that either Mr. Gates or Mr. Nevarez by themselves were unable to represent Plaintiff.  Plaintiff has offered no evidence that it was unable to hire a competent attorney in Travis County, Texas. No explanation or rationale has been provided for why two attorneys were necessary or why it was reasonable

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 6**

for both to perform and bill for the same activities, including preparing for and attending the same depositions, hearings, and trial.

Plaintiff seeks to charge Defendants a total of 1,127.4 hours of attorney time in this lawsuit.  This is almost twice the number of hours billed by Defendants' counsel.  Exhibit 2, Declaration of Michael Jones, pg. 2.  The total amount of hours incurred by Mr. Nevarez and Mr. Gates are not reasonable and were not necessary for the prosecution of Plaintiff's claims.  Exhibit 2, Declaration of Michael Jones, pg. 2.  There was no reason to have two attorneys charging $750 per hour prepare for and attend multiple depositions, draft and review the same pleadings, attend the same hearings, and prepare for and attend trial.  Exhibit 2, Declaration of Michael Jones, pg. 2.

The billing records submitted by Plaintiff were not kept contemporaneously with the work performed, but appear to have been prepared in connection with Plaintiff's Supplemental Memorandum.  Exhibit 2, Declaration of Michael Jones, pg. 2.  "The lack of contemporaneous records does not justify an automatic reduction in the hours claimed, but such hours should be credited only if reasonable under the circumstances and supported by other evidence such as testimony or secondary documentation." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989).  Mr. Gates billed 8.0 hours per day or more on twenty-seven different dates, which likely means his billing records are not accurate and much of the time billed is simply estimates.  Exhibit 2, Declaration of Michael Jones, pg. 2.

Mr. Gates performed much of the discovery work and trial preparation and clearly served in an associate lawyer position.  Declaration of Michael Jones, pg. 3.   Charging $750 for Mr. Gates time is not reasonable.  Declaration of Michael Jones, pg. 3.  A reasonable charge for Mr. Gates' time is $300 per hour. Declaration of Michael Jones, pg. 3-4.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 7**

Plaintiff has offered no evidence that Mr. Nevarez and Mr. Gates attempted or agreed to minimize duplicative work. To the contrary, there are numerous and significant instances where Mr. Gates and Mr. Nevarez billed charges for the same activities, such as preparing for and attending depositions, hearings, and trial, and reviewing and revising the same pleadings and discovery. Exhibit 2, Declaration of Michael Jones, pg. 3. For example, both attorneys billed time to prepare for, travel to and from, and to attend the depositions of Dan Stratton and Shannon Stratton. Exhibit 2, Declaration of Michael Jones, pg. 3. Mr. Nevarez billed 9.4 hours to prepare for the depositions. Exhibit 2, Declaration of Michael Jones, pg. 3. Mr. Gates billed 12 hours to prepare for the depositions. Exhibit 2, Declaration of Michael Jones, pg. 3. Each billed 6 hours to attend the depositions. Exhibit 2, Declaration of Michael Jones, pg. 3. Mr. Nevarez billed 20 hours to travel to the depositions in Savannah, Georgia. Exhibit 2, Declaration of Michael Jones, pg. 3. Mr. Gates billed 12 hours in travel time. Exhibit 2, Declaration of Michael Jones, pg. 3. The total time billed by both attorneys for these two depositions, which took place on the same day, was 65.4 hours. Exhibit 2, Declaration of Michael Jones, pg. 3. At the $750 hourly rate requested, the total charge for these two depositions lasting a total of six hours is $49,050. It was not reasonable or necessary for both attorneys to prepare for and attend these depositions. Exhibit 2, Declaration of Michael Jones, pg. 3. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498-99 (Tex. 2019)(quoting *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012) (Charges for duplicative, excessive, or inadequately documented work should be excluded.)).

Both attorneys billed a total of 36.2 for the preparation of Plaintiff's Original Petition for a total charge of $27,150. Exhibit 2, Declaration of Michael Jones, pg. 4-5. The time incurred is not reasonable or necessary. Exhibit 2, Declaration of Michael Jones, pg. 4-5. Both attorneys

billed time to prepare pretrial documents, prepare for trial, travel for trial, and for trial attendance. Plaintiff has not offered any evidence that two attorneys were necessary for trial. Once again, Mr. Gates served in an associate attorney's role. $750 per hour is not a reasonable rate for an associate in Travis County, Texas. There are numerous additional instances of duplicative or unnecessary work detailed in the Declaration of Michael Jones.

Plaintiff seeks a total of 100.4 hours for its attorneys' travel, but has failed to offer any evidence that this travel was necessary or why it is reasonable to bill Defendants for the travel time. Mr. Gates billed a total of 68.4 hours for travel between Dallas and Austin, Georgetown, San Antonio, Carrizo Springs, and Eagle Pass. Exhibit 2, Declaration of Michael Jones, pg. 7. Mr. Nevarez billed a total of 32 hours for travel time. (Two of the travel entries totaling 8 hours appear to be duplicate entries). Exhibit 2, Declaration of Michael Jones, pgs. 7-8. The total dollar amount Plaintiff seeks to charge Defendants for this travel time is $75,300. The depositions of Plaintiff's two members were taken in Austin, but no depositions were taken at Georgetown, San Antonio, Carrizo Springs, and Eagle Pass. Exhibit 2, Declaration of Michael Jones, pg. 7. Plaintiff has offered no evidence that Plaintiff searched for and was unable to retain an attorney in Austin to represent it in this lawsuit. Plaintiff's decision to retain an attorney in Dallas and an attorney in Eagle Pass to represent it in Austin does not make it reasonable for Plaintiff's attorneys to charge Defendants for this travel time. Exhibit 2, Declaration of Michael Jones, pg. 7. There are experienced and qualified attorneys in Austin could have represented Plaintiff in this lawsuit. The travel time incurred is not reasonable or necessary. Exhibit 2, Declaration of Michael Jones, pg. 7.

Plaintiff is not entitled to recover 76.8 hours its attorneys billed related to three motions Plaintiff filed which were denied by the court. Exhibit 2, Declaration of Michael Jones, pg. 7.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 9**

Plaintiff's counsel billed 13.6 hours to prepare a motion to remand and attend a hearing on the motion. Exhibit 2, Declaration of Michael Jones, pg. 7. The Court determined that Plaintiff fraudulently joined non-diverse Defendants to prevent federal diversity jurisdiction. The Motion to Remand had no merit. Mr. Gates billed 20.4 hours to prepare a motion to dismiss which had no merit and was denied by the Court. Plaintiff's counsel billed 42.8 hours to prepare and file a motion for partial summary judgment and reply which had no merit and was denied by the Court. The time incurred for these motions was not reasonably expended. Plaintiff should not recover the attorney's fees incurred relating to these motions.

      4.      <u>Plaintiff has failed to offer sufficient evidence that it segregated non-recoverable attorney's fees</u>.

If any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. *Tony Gullo Motors I v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006). The fee applicant must distinguish successful from unsuccessful claims, and limit its application to those fees only. *Rappaport v. State Farm Lloyds*, No 00-10745, 2001 WL 1467357, at *3 (5th Cir. 2001).

Plaintiff initially alleged that 10% of its efforts involved claims for which attorney's fees are not recoverable.[2] In its Supplemental Memorandum, Plaintiff makes no effort to segregate the time its attorneys spent pursuing other parties that it later dismissed, pursuing parties that it obtained no recovery against, pursuing numerous claims through summary judgment and trial for which attorney's fees are not recoverable, and pursuing claims against Stratton Securities on which it did not prevail.

Plaintiff sued seven defendants in state court: Daniel Stratton, Shannon Stratton, Stratton Securities, Inc., Stratton Oilfield Systems Texas, LLC, Clay Signor, Signor Logistics, LLC and

---

[2] Dkt. 113, pg. 15.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 10**

Signor Farm and Ranch, LP.[3] Plaintiff's state court suit was removed to federal court in San Antonio, and subsequently transferred to this Court.[4] This Court denied Plaintiff's Motion to Remand.[5] Plaintiff later dismissed its claims against the Signor Defendants.[6]

In its First Amended Complaint, Plaintiff asserted claims for 1) breach of contract, 2) quantum meruit, 3) promissory estoppel, 4) money had and received, 5) breach of fiduciary duty, 6) fraudulent inducement, 7) fraud by nondisclosure, 8) statutory fraud, 9) conversion, and 10) civil conspiracy. Several of these claims were alleged and pursued against Defendants Daniel Stratton, Shannon Stratton, and Stratton Oilfield Systems Texas, LLC.[7] Plaintiff opposed Defendants' Motion for Summary Judgment on its claims for breach of contract, breach of fiduciary duty, fraud, and conversion.[8] The Court granted Defendants' motion for summary judgment on all of Plaintiff's claims except for breach of contract, conversion and punitive damages.[9] Plaintiff pursued its claim for conversion and exemplary damages against all Defendants through trial. The jury found against Plaintiff on these claims.[10] The pleading and prosecution of claims against Defendants Daniel Stratton, Shannon Stratton, and Stratton Oilfield Systems Texas, LLC, through discovery, summary judgment, and trial with respect the conversion and punitive damage claims, which were included in the jury charge and verdict, clearly required attorney time. Exhibit 2, Declaration of Michael Jones, pg. 9-10. The pleading and prosecution of all claims other than breach of contract against Defendant Stratton Securities, through discovery, summary judgment, and trial with respect the conversion and punitive

---

[3] Dkt. 1, #2 Exhibit, Attachment A-1.
[4] Dkt. 1; 16.
[5] Dkt. 45.
[6] Dkt. 25.
[7] Dkt. 37.
[8] Dkt. 55.
[9] Dkt. 66.
[10] Dkt. 111.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 11**

damage claims, which were included in the jury charge and verdict, clearly required attorney time that was not required for Plaintiff's breach of contract claim. Exhibit 2, Declaration of Michael Jones, pg. 9-10. Plaintiff has failed to account for and segregate the time its attorney spent unsuccessfully pursuing the Stratton Defendants other than Stratton Securities. The time spent on these claims are not so intertwined that they cannot be segregated. Exhibit 2, Declaration of Michael Jones, pg. 9-10. Plaintiff has failed to account for and segregate the time its attorney spent unsuccessfully pursuing claims against Stratton Securities other than its breach of contract claim. Exhibit 2, Declaration of Michael Jones, pg. 9-10. The time spent on these claims are not so intertwined that they cannot be segregated. Exhibit 2, Declaration of Michael Jones, pg. 9-10.

Twenty percent of Plaintiff's attorneys' fees should be segregated and reduced for time spent on claims against the Stratton Defendants (other than Stratton Securities), claims against Stratton Securities for which no recovery was made (quantum meruit, promissory estoppel, money had and received, breach of fiduciary duty, fraud, conversion, and civil conspiracy), and on claims for which attorneys' fees were not recoverable (quantum meruit, promissory estoppel, money had and received, breach of fiduciary duty, fraud, conversion, and civil conspiracy). Exhibit 2, Declaration of Michael Jones, pg. 7-8. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019)("fee-shifting awards are to be reasonable and necessary for <u>successfully</u> prosecuting or defending against a claim.")(emphasis added).

5. <u>Lodestar Amount</u>.

Based upon the evidence presented and the reductions which should be made from the time billed by Plaintiff's attorneys, a reasonable lodestar amount is $188,040. Exhibit

2,Declaration of Michael Jones, Exhibit D.  A summary of the deductions which should be made and fees awarded are reflected in Exhibit E to the Declaration of Michael Jones

      6.      <u>There should be no enhancement of the lodestar amount</u>.

Although a court can enhance or reduce the lodestar amount, there is a strong presumption that the lodestar amount is a reasonable fee award; thus, adjustments are made only in rare and exceptional cases.  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).   If a fee claimant seeks an enhancement, it must produce specific evidence showing that a higher amount is necessary to achieve a reasonable fee award.  *Rohrmoos Venture, supra*, at 501.  If the court makes an adjustment, it must provide a clear and concise explanation of its reasons for adjusting the fee award.  *Id.* at 558.

The base lodestar calculation usually includes at least the following considerations from *Arthur Andersen*: "the time and labor required," "the novelty and difficulty of the questions involved," "the skill required to perform the legal service properly," "the fee customarily charged in the locality for similar legal services," "the amount involved," "the experience, reputation, and ability of the lawyer or lawyers performing the services," "whether the fee is fixed or contingent on results obtained," "the uncertainty of collection before the legal services have been rendered," and "results obtained."  *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 500 (Tex. 2019)

Plaintiff has offered no evidence supporting enhancement of the lodestar amount.  Plaintiff argues that Plaintiff would not have been able to afford representation without a contingency fee.  This is not one of the *Johnson* factors which might support enhancement.  Plaintiff argues that the hourly rate should be increased to account for the risk of loss, the delay in receiving payment for services or recovery of expenses advanced by its attorneys.  However,

an enhancement of the base lodestar figure cannot be based on a consideration that is subsumed in the first step of the lodestar method. *Rohrmoos Venture, supra*, at 501 (The base lodestar method usually includes at least the following considerations from *Arthur Anderson*: . . . whether the fee is fixed or contingent on results obtained, the uncertainty of collection before the legal services were rendered, and results obtained.)  The facts relied upon by Plaintiff for an enhancement are included in the base lodestar calculation and cannot be used to enhance the award.  Plaintiff has failed to produce specific evidence showing that a higher amount is necessary to achieve a reasonable fee award.  This case involved a claim for breach of a two-page contract.  This lawsuit did not present novel or complex questions.  Exhibit 2, Declaration of Michael Jones, pg. 10.  No enhancement should be made to the lodestar amount.

7.      Settlement offers.

In June 2019, prior to the time that any lawsuit was filed, the parties agreed to a settlement of $1,750,000.  However, Plaintiff failed to sign the settlement agreement sent to it.  During trial, Plaintiff offered to settle for $8,000,000, and later reduced its offer to $7,000,000.  Defendants final settlement offer during trial was $500,000 cash and $95,000 per month for years four and five under the lease is the lease was renewed, or a total of $2,280,000, making the total offer $2,780,000.

## II.  PREJUDGMENT INTEREST

Prejudgment interest is compensation for the lost use of money owed as "damages during the lapse of time between the accrual of the claim and the date of judgment." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). "There are two legal sources for an award of prejudgment interest: (1) general principles of equity and (2) an enabling statute." *Kenneco Energy*, 962 S.W.2d at 528. Under the common law, "prejudgment interest

begins to accrue on the earlier of (1) 180 days after the date a defendant receives written notice of a claim or (2) the date suit is filed." *Johnson & Higgins*, 962 S.W.2d at 531.

Supreme Court of Texas decisions place particular emphasis on the fact that prejudgment interest is intended to compensate a plaintiff for the "`lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment.'" *Arete Partners v. Gunnerman*, No. 10-50695, at *4-5 (5th Cir. June 9, 2011) (quoting *Johnson Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998) (quoting *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 552 (Tex. 1985)).

Plaintiff seeks prejudgment interest at the rate of 5% on all damages awarded by the jury. However, under Texas law, Plaintiff is not entitled to prejudgment interest on the full amount of damages awarded by the jury. Section 304.1045 of the Texas Finance Code provides that prejudgment interest may not be assessed or recovered on an award of future damages. Tex. Fin. Code § 304.1045. While Plaintiff is correct that Section 304.1045 applies to wrongful death personal injury, and property damage cases, Section 304.1045 is affirmation by the Texas Legislature that prejudgment interest should not be awarded on future damages.

The jury awarded Plaintiff $4,095,300 in damages. This number could only have been arrived at as follows:

| | | |
|---|---|---|
| $6,430,600 | Loan proceeds for first three years of lease (ending 6/20/2022)[11] | |
| -4,000,000 | Due to Defendant | |
| 2,880,000 | Option year 4 at $240,000 per year (6/20/2022-6/3/2023)[12] | |
| 2,880,000 | Option year 5 at $240,000 per year (6/20/2023-6/20/2024)[13] | |
| 8,190,600 | Total | |
| 4,095,300 | ½ of proceeds | |

---

[11] DX 19
[12] DX 36
[13] DX 36

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST AND COSTS– Page 15**

The jury awarded Plaintiff damages based upon the entire five years of the lease, including option years four and five. The loan proceeds covered the first three years of the Lease. Damages awarded for option years four and five of the Lease are future damages because they cover future periods under the Lease. Plaintiff has not lost the use of these damages because they represent amounts to be paid in the future after the date judgment was entered. As a result, option years four and five should not be included in the prejudgment interest calculations. Further, Plaintiff's expert Donald Southerland, Jr. testified that the rent due for option years four and five should be discounted to present value. Rather than discounting these amounts, Plaintiff requests this Court to add prejudgment interest to these amounts.

The correct calculation of the damages on which prejudgment interest should be awarded is as follows:

```
$6,430,600    Loan proceeds for first three years of lease
-4,000,000    Due to Defendant
 2,430,600    net loan proceeds
 1,215,300    50% proceeds for first three years of Lease
```

The correct calculation of prejudgment interest is therefore: $1,215,300 x 5% = $166.48 per day x 659 days = $109,710.32. Defendant requests that prejudgment interest be awarded in this amount.

Wherefore, Defendant respectfully requests that the Court award the attorney's fees and prejudgment interest as set forth herein, and for such other relief to which it may be entitled.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones
State Bar No. 10929460
mjones@henryandjones.com
**LAW OFFICE OF MICHAEL JONES, PLLC**
16901 Dallas Parkway, Suite 202
Addison, Texas 75001
(214) 954-9700

**ATTORNEYS FOR DEFENDANT STRATTON SECURITIES, INC.**

## CERTIFICATE OF SERVICE

I certify that on January 21, 2020, a true and correct copy of Defendant's Response to Plaintiff's Supplemental Memorandum in Support of Plaintiff's Motion for Attorney's Fees, Prejudgment Interest, Post judgment Interest and Costs was forwarded via email to Benjamin P. Gates, (bpg@bengatespc.com), Law Office of Ben Gates, P.C., 7015 Snider Plaza, Suite 202, Dallas, Texas 75205, and Alfonso C. Nevarez (anc@nevarezlawgroup.com), 870 E. Rio Grande St., Eagle Pass, Texas 78852.

/s/ Michael L. Jones
Michael L. Jones