IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EL CAMPO VENTURES, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § Civil Action No. 1:20-CV-00560-RP |
| | § |
| STRATTON SECURITIES, INC., | § |
| | § |
| Defendant. | § |

**PLAINTIFF'S UNOPPOSED MOTION FOR WRIT OF EXECUTION**

Plaintiff El Campo Ventures, LLC ("El Campo") was awarded an amended final judgment of damages in the amount of $4,095,300.00, attorney's fees in the amount of $358,980.00, prejudgment interest in the amount of $369,699.00, costs in the amount of $14,472.49, and post-judgment interest at the rate of 0.08% per annum beginning September 14, 2021 against Defendant Stratton Securities, Inc. ("Stratton") on August 23, 2022. (Dkt. 138-139).

On September 20, 2022, Stratton filed its Notice of Appeal. (Dkt. 140).

As the automatic stay under Federal Rule of Civil Procedure 62 has expired and Stratton has failed to post a supersedeas bond, this Motion seeks to enforce El Campo's judgment as allowed by applicable law and requests the issuance of a Writ of Execution from the Clerk of this Court.

As established by Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of execution and the procedures afforded to a judgment creditor in a federal proceeding supplementary to and in aid of judgment or execution are in accordance with the state where the court is located. *See* Fed. R. Civ. Pro. 69(a); *see also Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006) ("To enforce a judgment, judgment creditors must file a writ of execution in accordance with the practice and procedure of the state in which the district court is held.").

Texas law provides that the clerk of the district court shall automatically issue the writ of execution upon application of the successful party after the expiration of thirty days from the time a final judgment is signed if, like here, no supersedeas bond has been filed. Tex. R. Civ. Pro. 627.

Furthermore, under Texas law, a judgment creditor has "a statutory right to have execution issued to enforce a judgment pending appeal, unless and until a valid supersedeas bond has been filed." *Texas Employers v. Engelke*, 790 S.W.2d 93, 95 (Tex. App. 1990)

Accordingly, El Campo requests that the Clerk of Court issue the attached Writ of Execution in accordance with the procedures laid out in the Texas Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICE OF BEN GATES, P.C.
7015 SNIDER PLAZA, SUITE 202
DALLAS, TEXAS 75205
TEL: (214) 756-6053
FAX: (214) 989-7305

BY: *[signature]*

BENJAMIN P. GATES
TEXAS STATE BAR NO. 24062740
BPG@BENGATESPC.COM

NEVÁREZ LAW GROUP, P.C.
780 E. RIO GRANDE STREET
EAGLE PASS, TEXAS 78852
TEL: (830) 776-7003
FAX: (830) 776-7003

BY: *[signature]*

ALFONSO NEVÁREZ C.
TEXAS STATE BAR NO. 24044929
ANC@NEVAREZLAWGROUP.COM

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendant Stratton Securities, Inc. concerning the relief sought in this Motion on February 28, 2023. Mr. Jones stated that the Defendant does not oppose the relief sought in this Motion.

_____
Benjamin P. Gates

## CERTIFICATE OF SERVICE

I certify that I served this Plaintiff's Unopposed Motion for Writ of Execution on all counsel of record via CM/ECF filing in accordance with the Federal Rules of Civil Procedure on February 28, 2023.

_____
Benjamin P. Gates