IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EL CAMPO VENTURES, LLC, | § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | Civil Action No. 1:20-CV-00560-RP |
| STRATTON SECURITIES, INC., | | |
| Defendant. | | |

## EMERGENCY MOTION FOR TURNOVER OF SALES PROCEEDS

Defendant Stratton Securities, Inc. ("Stratton") and its counsel have perpetrated an egregious and intentional fraud upon this Court, Plaintiff El Campo Ventures, LLC ("El Campo"), and a third-party, Target Logistics Management, LLC ("Target").

On March 10, 2023 the Court entered its Order for Writ of Execution and Sale of Property ("the Order", Dkt. 149) for the sale of the property commonly known as The Studios at Carrizo Springs, located at 909 Munson Road, Carrizo Springs, Texas 78834 ("the Property"). The Order provided that that Property would be sold by the United States Marshals Service and the resulting sales proceeds would be turned over to El Campo. (Dkt. 149, paragraphs i,k). Stratton did not oppose the Writ of Execution. (Dkt. 147).

El Campo has discovered that Stratton, in direct violation of the Court's Order, fraudulently conveyed the Property to Target on March 31, 2023 for an amount exceeding $4.8 million. Stratton opposes this Emergency Motion for Turnover of Sales Proceeds for three ridiculous reasons: its title company allegedly was unable to locate El Campo's judgment lien, the Order for Writ of Execution and Sale of Property did not specifically prohibit Stratton from selling the Property, and the Property was under contract for sale prior to the time the Order was issued. (Ex. 1).

The title company's alleged inability to locate El Campo's judgment lien harmed Target, not Stratton. The Abstract of Judgment (Dkt. 142) was issued to all parties via the Court's electronic filing system on October 5, 2022. Therefore, both Stratton and its counsel had actual notice of the Abstract of Judgment. Texas Property Code section 52.007 permits the recording and indexing of an abstract of judgment rendered in Texas by a federal court, creating a lien on the real property of a defendant located in the county in which the abstract is recorded. El Campo perfected its judgment lien against the Property by recording the Abstract of Judgment in the Dimmit County property records on October 14, 2022. (Ex. 2). Despite having actual knowledge of the Abstract of Judgment, both Stratton and its counsel fraudulently concealed the existence of El Campo's judgment lien and sold the Property to Target on March 31, 2023. (Ex. 3). Stratton received sales

proceeds in excess of $4.8 million due to this transaction, yet El Campo's judgment lien remains unsatisfied because of the fraud perpetrated by Stratton.

The Order for Writ of Execution and Sale of Property (Dkt. 149) was issued on March 10, 2023. The Order specifically states that the United States Marshals Service shall sell the Property. (Dkt. 149, paragraph i). There is only one Property, so simple logic establishes that the Order by its plain and unambiguous language does not permit Stratton to sell the Property. Stratton did not oppose the Writ of Execution (Dkt. 147). The Order was issued three (3) weeks prior to the fraudulent transfer of the Property to Target on March 31, 2023. Stratton had ample opportunity to ask the Court for permission to sell the Property to Target and made no such attempt. Even assuming for the sake of argument that the Order permitted a sale of the Property by Stratton, it is undisputed that the Order requires the resulting sale proceeds to be turned over to El Campo. (Dkt. 149, paragraph k). No such proceeds have been turned over to El Campo. Therefore, under any circumstance, Stratton's conduct is in direct violation of the Court's Order.

Stratton's final contention, that the Property was under contract for sale prior to the time the Order was issued, is an admission of its fraud. Stratton and its counsel have a duty of candor to the Court. Stratton did not oppose the Writ of Execution (Dkt. 147). Stratton and its counsel committed fraud by nondisclosure when they failed to inform the Court that the Property was under contract for sale.

It is now evident that Stratton intentionally delayed the Writ of Execution by repeatedly representing to El Campo that it was in the process of obtaining a supersedeas bond. (Ex. 4). Despite being provided the Court's list of approved sureties, Stratton represented that it was working with an unapproved company to obtain a bond. (Ex. 4). Over a period of nearly two months, Stratton continued to string El Campo along regarding a supersedeas bond until after it sold the Property to Target. Since it was now flush with millions of dollars in sales proceeds that rightfully belonged to El Campo, Stratton abandoned its charade and informed El Campo it was no longer pursuing a supersedeas bond on April 5, 2023. (Ex. 5).

On April 18, 2023, Stratton sent a settlement proposal directly to El Campo. (Ex. 6). Stratton did not disclose over $4.8 million in proceeds it received from the sale of the Property to Target on March 31, 2023. Furthermore, Stratton did not disclose an additional $5,241,893.23 in lease proceeds received from the U.S. Government in its settlement calculations. (Ex. 7). Despite these windfalls, Stratton fraudulently suggested to El Campo that an unsuccessful appeal would result in Stratton's bankruptcy. (Ex. 7).

The Court previously ordered the turn over of the Property sales proceeds to El Campo. (Dkt. 149). Stratton did not oppose the Writ of Execution. (Dkt. 147). Given the circumstances, the turn over of the Property sales proceeds to El Campo is proper, and will undo Stratton's fraud against both El Campo and Target.

Pursuant to Texas Civil Practice & Remedies Code section 31.002, El Campo requests that the Court enter an order requiring Stratton to turn over the Property sales proceeds to El Campo, award El Campo its reasonable costs and attorneys' fees, and grant all further relief to which El Campo may be entitled.

Respectfully submitted,

LAW OFFICE OF BEN GATES, P.C.
7015 SNIDER PLAZA, SUITE 202
DALLAS, TEXAS 75205
TEL: (214) 756-6053
FAX: (214) 989-7305

BY: *Ben Gates*

BENJAMIN P. GATES
TEXAS STATE BAR NO. 24062740
BPG@BENGATESPC.COM

NEVÁREZ LAW GROUP, P.C.
780 E. RIO GRANDE STREET
EAGLE PASS, TEXAS 78852
TEL: (830) 776-7003
FAX: (830) 776-7003

BY: *Poncho Nevárez*

ALFONSO NEVÁREZ C.
TEXAS STATE BAR NO. 24044929
ANC@NEVAREZLAWGROUP.COM

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendant Stratton Securities, Inc. concerning the relief sought in this Motion on May 11, 2023.  Mr. Jones stated that the Defendant opposes the relief sought in this Motion.

_____

Benjamin P. Gates

## CERIFICATE OF SERVICE

I certify that I served this Emergency Motion for Turnover of Sales Proceeds on all counsel of record via CM/ECF filing in accordance with the Federal Rules of Civil Procedure on May 12, 2023.

_____

Benjamin P. Gates