IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EL CAMPO VENTURES, LLC, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> STRATTON SECURITIES, INC., § <br> STRATTON OILFIELD SYSTEMS § <br> TEXAS, LLC, DANIEL STRATTON, § <br> AND SHANNON STRATTON, § <br> § <br> Defendants. § | Civil Action No. 1:20-CV-560-RP |

**DEFENDANT'S OPPOSITION AND BRIEF IN SUPPORT THEREOF TO PLAINTIFF'S EMERGENCY MOTION FOR TURNOVER OF SALES PROCEEDS**

Defendant Stratton Securities, Inc., ("Defendant") submits this Opposition and Brief in Support Thereof to Plaintiff's Emergency Motion for Turnover of Sales Proceeds.

**I.**

**INTRODUCTION**

Plaintiff seeks an order from the Court requiring Defendant to turn over sales proceeds received by Defendant from the sale of real property. Plaintiff's motion is moot because all amounts due under the Final Amended Judgment entered by this Court on August 23, 2022 have been paid in full. Further, Defendant was not prohibited from selling the property. Plaintiff's Motion should be denied.

**II.**

**FACTUAL BACKGROUND**

The Court entered its Final Amended Judgment on August 23, 2022. Defendant subsequently appealed the judgment to the Fifth Circuit Court of Appeals.

On February 21, 2023, Defendant entered into a contract to sell the real property located at 909 Munson Road, Carrizo Springs, Texas 78834 (the "Property") to Target Logistics ("Target") for $500,000.  Exhibit A-1 (Doc. 152-1) to Unopposed Motion to Intervene filed by Target Logistics, LLC ("Motion to Intervene").  Stratton Oilfield Services entered into a contract to sell the buildings and personal property located at 909 Munson Road, Carrizo Springs, Texas 78834 to Target for $4,500,000.  Exhibit A-1 (Doc 152-1), Motion to Intervene.

On February 28, 2023, Stewart Title issued a title commitment reflecting that no abstract of judgment related to the Final Amended Judgment had been filed in the real property records of Dimmitt County, Texas where the Property is located.  Exhibit A-2 (Doc 152-2), Motion to Intervene.

On March 6, 2023, the Court entered an Order for Writ of Execution and Sale of Property, ordering that a writ of execution be issued and the Property sold.

On March 31, 2023, Stewart Title issued an updated title commitment reflecting that no abstract of judgment related to the Final Amended Judgment had been filed in the real property records of Dimmitt County, Texas.  Exhibit A-4 (Doc 152-4), Motion to Intervene.

On March 31, 2023, Defendant signed a special warranty deed conveying the Property to Target Logistics.  Exhibit A-7 (Doc 152-7), Motion to Intervene.  Stewart Title issued a title policy to Target Logistics reflecting that there were no liens against the Property conveyed by Defendant.

Defendant was served with a writ of execution on May 3, 2023.  The writ was served on Target Logistics at the Property on May 9, 2023.

On May 15, 2023, Defendant wired the full amount due under the Final Amended Judgment to Plaintiff's counsel's IOLTA account.  Exhibit A.  The amount wired was the amount

calculated by Plaintiff's counsel.  Exhibit A.  All amounts due under the Final Amended Judgment have been paid.  Defendant subsequently dismissed its appeal of the Final Amended Judgment and the Fifth Circuit issued its mandate on May 16, 2023.

### III.

### ARGUMENT AND AUTHORITIES

**A. Plaintiff's Motion is Moot.**

All amounts due under the Final Amended Judgment have been paid in full.  See Exhibit A.  Plaintiff's motion is therefore moot and should be denied.

**B. Defendant was not Prohibited from Selling the Property**.

Plaintiff argues that the Order for Writ of Execution and Sale of Property prevented Defendant from selling the property.  Nothing in the Order or Texas law prohibited Defendant from selling the property.  Rule 69 provides that a money judgment is enforced by a writ of execution. FRCP 69(a)(1).  Under Texas law, "[t]he levy of a writ of execution perfects the judgment creditor's judicial lien on that property and establishes the lien's priority among competing claims[.]" *Brendel v. Meyrowitz*, Civil Action No. 3:15-CV-1928-D, at *3-4 (N.D. Tex. Mar. 8, 2018) citing 9 William V. Dorsaneo III, *Texas Litigation Guide* § 132.03 (2018) (citing *Texas Employers' Ins. Ass'n v. Engelke*, 790 S.W.2d 93, 95 (Tex. App. 1990, no writ)). At the time of the sale of the Property, the writ had not been served and the Property had not been levied on.

Plaintiff states that Defendant knew an abstract of judgment had been issued on October 5, 2022.  However, the mere issuance of an abstract of judgment does not perfect a judgment lien.  The abstract must be recorded and indexed in the county where real property is located before it constitutes a judgment lien.  Tex. Prop. Code §52.001.  According to the title commitments and

title policy issued by Stewart Title, the abstract of judgment had not been recorded in Dimmit County, Texas.

Plaintiff states that Stratton did not oppose Plaintiff's Motion for Writ of Execution. No supersedeas bond had been posted by Defendant. Defendant therefore had no basis to object to the Motion. Plaintiff argues that Defendant was obligated to notify the Court that the Property was under contract for sale. Plaintiff fails to cite any authority for this allegation. Since the entry of original judgment in 2021 Plaintiff never requested any information concerning the Property, although it had the right to do so.

Defendant denies the remaining allegations in Plaintiff's motion, including the false allegations of fraud. Defendant made no misrepresentations to Plaintiff.

Defendant respectfully requests that the Court deny Plaintiff's motion and for such other relief to which it may be entitled.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones
State Bar No. 10929460
**LAW OFFICE OF MICHAEL JONES, PLLC**
mj@michaeljoneslegal.com
16901 Dallas Parkway, Suite 202
Addison, Texas  75001
(214) 954-9704

**ATTORNEYS FOR DEFENDANT STRATTON SECURITIES, INC.**

**CERTIFICATE OF SERVICE**

    I certify that on May 25, 2023, a true and correct copy of Defendants' Opposition to Plaintiff's Emergency Motion for Turnover of Sales Proceeds was forwarded via email to Benjamin P. Gates, (bpg@bengatespc.com), Law Office of Ben Gates, P.C., 7015 Snider Plaza, Suite 202, Dallas, Texas 75205, and Alfonso C. Nevarez (anc@nevarezlawgroup.com), 870 E. Rio Grande St., Eagle Pass, Texas 78852.

                                                          /s/ Michael L. Jones
                                                          Michael L. Jones