# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| EL CAMPO VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:20-CV-00560-RP |
| | § | |
| STRATTON SECURITIES, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S SECOND MOTION FOR ATTORNEY FEES AND COSTS

Plaintiff El Campo Ventures, LLC ("El Campo") hereby files this Second Motion for Attorney Fees and Costs.

## POST-JUDGMENT TIMELINE

On September 20, 2022, Defendant Stratton Securities, Inc. ("Stratton") filed its notice of appeal in this case. (Dkt. 140). Shortly thereafter, El Campo retained Levinger PC as appellate counsel.

Stratton did not post a supersedeas bond or other security for its appeal. The Abstract of Judgment (Dkt. 142) was issued to all parties via the Court's electronic filing system on October 5, 2022.

El Campo perfected its judgment lien against the property commonly known as The Studios at Carrizo Springs, located at 909 Munson Road, Carrizo Springs,

Texas 78834 ("the Property"), by recording the Abstract of Judgment in the Dimmit County property records on October 14, 2022. (Dkt. 151, Ex. 2).

On February 8, 2023, El Campo notified Stratton of its intent to seek a Writ of Execution for the sale of the Property, unless Stratton obtained a supersedeas bond or posted other adequate security with the Court. (Dkt. 151, Ex. 4, page 5).

On February 21, 2023, Stratton and Target Logistics Management, LLC ("Target") executed a contract for the sale of the Property. (Dkt. 152, Ex. A-1). Neither this Court nor El Campo were informed of this agreement.

On February 28, 2023, El Campo filed its Application for a Writ of Execution. (Dkt. 147). Despite entering into a contract with Target for the sale of the Property a week earlier, Stratton did not oppose the Writ of Execution. (Id.).

Stratton filed its appellate brief on March 6, 2023.

On March 10, 2023, the Court entered its Order for Writ of Execution and Sale of Property (Dkt. 149) for the sale of the Property. The Order provided that that Property would be sold by the United States Marshals Service and the resulting sales proceeds would be turned over to El Campo. (Dkt. 149, paragraphs i,k). Stratton did not oppose the Writ of Execution. (Dkt. 147).

On March 31, 2023, Stratton fraudulently and in defiance of this Court's order, sold the Property to Target. (Dkt. 151, Ex. 3). In furtherance of the fraudulent scheme, Stratton intentionally diverted $4.5 million of the sales

proceeds to another entity, Stratton Oilfield Systems Texas, LLC, in an attempt to bypass the Court's order and El Campo's judgment lien. (Dkt. 152, Ex. A-8).

On April 18, 2023, Stratton sent a settlement proposal directly to El Campo. (Dkt. 151, Ex. 6). Stratton did not disclose over $4.8 million in proceeds it received from the sale of the Property to Target on March 31, 2023. Furthermore, Stratton did not disclose an additional $5,241,893.23 in lease proceeds received from the U.S. Government in its settlement calculations. (Dkt. 151, Ex. 7). Despite these windfalls, Stratton suggested to El Campo that an unsuccessful appeal would result in Stratton's bankruptcy. (Dkt. 151, Ex. 6). Based on the facts now known to El Campo, Stratton's statement regarding bankruptcy was false.

On May 9, 2023, El Campo's real estate appraiser accompanied two deputies from the United States Marshals Service to the Property. It was discovered that Stratton fraudulently conveyed the property to Target, in violation of this Court's order and El Campo's judgment lien.

When confronted via email, Stratton's counsel replied that he believed Stratton had the right to sell the property, despite having actual knowledge of the Abstract of Judgment and the unopposed Writ of Execution. (Dkt. 151, Ex. 1).

On Friday, May 12, 2023, El Campo filed its Emergency Motion for Turnover of Sales Proceeds (Dkt. 151). This Emergency Motion details the events leading up to its filing and shines a light upon Stratton's unacceptable conduct in this matter.

The following Monday, May 15, 2023, Stratton paid El Campo $4,844,911.90 to satisfy the same judgment it appealed. The same day, El Campo filed its appellate brief and requested an award of its appellate fees if successful. (Ex. 1)

Stratton dismissed its appeal the next day, on May 16, 2023. (Dkt.153).

It bears mentioning that Stratton attempted to thwart El Campo's ability to secure its judgment in direct violation of this Court's order to the contrary. Stratton collected nearly $5,000,000.00 from a buyer without ever once mentioning the Abstract Judgment or the Writ of Execution to them. At every opportunity, since filing its notice of appeal, Stratton and its counsel have failed to fulfill their duty of candor to the Court, Target and El Campo. Oddly enough the only logical reason, when looking at the timeline and other evidence before this Court and part of this record, the parties are even before this Court on this attorneys' fee issue is Stratton was caught in multiple lies and attempts to fraudulently sell and transfer an asset subject to a Court order. All these machinations and conscious omissions took time and dragged out an appeal without merit, incurring substantial costs to the prevailing party, until it concluded, remarkably, because of the discovery of this deceit and fraud.

# ATTORNEY FEES

Before filing this Motion, El Campo offered to settle these remaining claims involving attorney fees and costs for a total of $56,000.00. This offer was rejected by Stratton. (Ex. 2)

"The issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal." *Instone Travel Tech Marine v. Intern. Shipping*, 334 F.3d 423, 433 (5th Cir. 2003).

Previously, this Court awarded El Campo trial attorneys' fees in the amount of $358,980.00. (Dkt. 138). The Court's decision to award trial attorneys' fees (Dkt. 131, p. 2) was premised on section 38.001(8) of the Texas Civil Practices and Remedies Code, which provides for the mandatory award of reasonable attorneys' fees for the prevailing party in a breach of contract suit.

The issue of awarding El Campo its appellate attorney fees is now ripe for this Court's consideration. "If trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also mandatory when proof of reasonable fees is presented." *Ventling v. Johnson*, 466 S.W.3d 143, 154 (Tex. 2015). The Texas Supreme Court noted that the purpose of chapter 38 is to "encourage contracting parties to pay their just debts and discourage . . . vexatious, time-consuming and unnecessary litigation." *Id.* at 155.

As a direct result of Stratton's appeal, El Campo has paid Levinger PC reasonable and necessary attorney fees and expenses totaling $50,784.01 for appellate representation in this matter. (Ex. 3).

Additionally, El Campo seeks the award of attorney fees for some of the hours expended by its trial counsel related to the appeal, the Order for Writ of Execution and Sale of Property, the Emergency Motion for Turnover of Sales Proceeds, and this Second Motion for Attorney Fees and Costs. Calculated using the hourly rates previously awarded by this Court, these reasonable and necessary time expenditures result in attorney fees of $7,600.00 (19 hours x $400 per hour, see Ex. 4) for Mr. Nevarez and $9,905.00 (28.3 hours x $350 per hour, see Ex. 5) for Mr. Gates. Furthermore, El Campo's trial attorneys anticipate they will incur no less than an additional $5,000.00 in attorney fees and travel expenses related to attending the upcoming motion hearing scheduled for June 9, 2023 in Austin.

Thus, the total amount of attorney fees sought by El Campo's in this motion is $73,289.01. This figure is the sum of the $50,784.01 paid to appellate counsel, $7,600.00 for Mr. Nevarez, $9,905.00 for Mr. Gates, and the additional $5,000.00 related to attending Friday's motion hearing in Austin.

Finally, El Campo requests the award of contingent appellate fees in the amount of $50,000.00 should Stratton appeal any portion of the Court's decision in this matter.

## COSTS

El Campo spent $4,465.40 to comply with the Court's Order for Writ of Execution and Sale of Property. (Ex. 6). This total is comprised of $2,548.86 paid to the United States Marshals Service, $1,750.00 paid to Suttle and Associates appraisers, $143.00 paid for classified advertisements in the Carrizo Springs newspaper, and $23.54 paid for a Federal Express delivery. These costs were all incurred following Stratton's fraudulent transfer of the Property to Target on March 31, 2023, and would have been avoided entirely had Stratton simply informed the Court and El Campo of its plan to sell the Property.

## EL CAMPO HAS BEEN PREJUDICED DUE TO STRATTON'S UNAUTHORIZED SALE OF THE PROPERTY

Target paid Stratton $5,000,000.00 for the Property. This amount would have covered *both* the $4,844,911.90 paid to satisfy the original judgment plus the $77,754.41 sought in this Motion for El Campo's attorney fees and costs. The Property was Stratton's sole asset located in the Western District of Texas. Stratton has repeatedly demonstrated through its fraudulent conduct that it has no intention of paying what is rightfully owed to El Campo. Stratton's sale of the Property in violation of this Court's order and El Campo's judgment lien has significantly prejudiced El Campo's ability to collect any amount awarded by the Court.

## REQUESTED RELIEF

Pursuant to Texas Civil Practice & Remedies Code sections 38.001(8) and 31.002, El Campo requests that the Court set this motion for hearing on June 9, 2023, award El Campo its attorneys' fees and costs, take whatever action it deems necessary to ensure Stratton's compliance with said award, and grant all further relief to which El Campo may be entitled.

Respectfully submitted,

LAW OFFICE OF BEN GATES, P.C.
7015 SNIDER PLAZA, SUITE 202
DALLAS, TEXAS 75205
TEL: (214) 756-6053
FAX: (214) 989-7305

BY: */s/ Ben Gates*

    BENJAMIN P. GATES
    TEXAS STATE BAR NO. 24062740
    BPG@BENGATESPC.COM

NEVÁREZ LAW GROUP, P.C.
780 E. RIO GRANDE STREET
EAGLE PASS, TEXAS 78852
TEL: (830) 776-7003
FAX: (830) 776-7003

BY: */s/ Poncho Nevárez*

    ALFONSO NEVÁREZ C.
    TEXAS STATE BAR NO. 24044929
    ANC@NEVAREZLAWGROUP.COM

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendant Stratton Securities, Inc. concerning the relief sought in this Motion on May 16, 2023. Mr. Jones stated that the Defendant would not pay any additional amounts until they were awarded by the Court.

_____
Benjamin P. Gates

## CERIFICATE OF SERVICE

I certify that I served this Plaintiff's Second Motion for Attorney Fees and Costs on all counsel of record via CM/ECF filing in accordance with the Federal Rules of Civil Procedure on June 6, 2023.

_____
Benjamin P. Gates